Moss, Judge,
delivered the opinion of the court:
On March 23, 1918, plaintiff, Jonesboro Grocer Company, filed its income and excess-profits tax return for the year 1917 and paid the taxes shown to be due thereon, amounting to $19,708.79. On July 23, 1919, plaintiff filed an amended return for the said year 1917, and at the same time filed a claim for refund of $424.35, this amount being the difference between the tax shown on its original and its amended returns. The claim was rejected. The Commissioner of Internal Revenue determined, however, that plaintiff had overpaid its tax for 1917 and allowed an overassessment for that year of $1,322.16, and that there was an additional tax due of $3,543.39 for the year 1918, making a net total of tax due amounting to $2,227.23, which was credited to plaintiff’s taxes for the year 1918. On March 15, 1924, almost six years after the payment of the tax for 1917, plaintiff filed a second claim for refund, in which it was requested that its profits tax be redetermined under the provisions of section 210 of the revenue act of October 3, 1917, on the ground that the tax assessed against it was higher than that paid by representative competitive concerns, due to unusual and abnormal conditions affecting plaintiff’s income and capital. In a letter dated April 18, 1924, the Commissioner of Internal Revenue advised plaintiff that its application had been granted and that a recomputation of its tax under section 210 showed an overassessment of $5,725.70, and that such overassessment would be made the subject of certificates of overassessment, which would be forwarded in due course through the office of the collector of internal revenue for plaintiff’s district. Thereafter plaintiff was advised by letter dated December 30, 1924, that prior to scheduling the certificates in question to the collector of internal revenue it was disclosed that “no claim for the refund of the 1917 *325 indicated overassessment was filed within the limitation imposed by section 281 of the revenue act of 1924, and both certificates were held in abeyance pending the determination of this fact.
“ You are, therefore, advised that since no claim for assessment under section 210 * * * was filed within the limitation imposed by section 281 of the revenue act of 1924, the 1917 indicated overassessment may not be adjusted * * The claim was, in terms, rejected.
It is provided in section 281 (b) 43 Stat. 301, as follows: “ Except as provided in subdivisions (c) and (e) in this section, (1) no such credit or refund shall be allowed or made after four years from the time the tax was paid, unless before the expiration of such four years a claim therefor is filed by the taxpayer, * *
It seems to be the contention of plaintiff that the claim upon which this suit is predicated is controlled by the provisions of section 252 of the revenue act of 1921, 42 Stat. 268. In order to obtain a clearer understanding of the purpose and intent of Congress in the enactment of section 252, that section must be considered in connection with section 250 (b) of the same act, which reads as follows: “ As soon as practicable after the return is filed the commissioner shall examine it. If it then appears that the correct amount of the tax is greater or less than that shown in the return, the installments shall be recomputed. If the amount already paid exceeds that which should have been paid on the basis of installments as recomputed, the excess so paid shall be credited against the subsequent installments; and «if the amount already exceeds the correct amount of the tax, the excess shall be credited or refunded to the taxpayer in accordance with the provisions of section 252.” Section 252, omitting irrelevant portions, reads as follows: “ That if upon examination of any return made pursuant to * * * the revenue act of 1917 * * * it appears that an amount of income, war-profits, or excess-profits tax has been paid in excess of that properly due, then, notwithstanding the provisions of section 3228 of the Revised Statutes, the amount of the excess shall be credited against any income, war-profits, or excess-profits taxes, or installments thereof, *326 then due from the taxpayer, under any other return, and any balance of such excess shall be immediately refunded to the taxpayer: Provided, however, That no such credit or refund shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years, a claim therefor is filed by such taxpayer.” It is obvious, we think, that section 252 was intended to relate to mistakes in overpayment appearing on the face of the return itself, discoverable by the examination provided for in section 250 (b), directing the proper credit of the excess payment, and the immediate refund to the taxpayer of any balance of such excess. It means that Congress intended that the examination by the commissioner of such return should not, in any event, be prolonged beyond the period of five years from the date of the return, and that said commissioner should not, after that period, allow such refund unless a claim therefor had been filed within the five years. The contention is urged that the words, “ claim therefor,” as used in the above proviso refers to the words, “ amount paid in excess of that properly due,” and that the plaintiff complied with the requirements of section 252 when it filed in 1919 its claim for the refund of a stated sum, or “ such greater amount as is legally refundable.” The contention that the later claim for refund should relate back to the 1919 claim is illogical and unsound. The 1919 claim, although specifically rejected, was adjusted to the perfect satisfaction of the taxpayer, as shown by a letter dated April 12, 1921, in which it was stated: “ Kelative to the year 1917 we are making no exception to the adjustments made for this year, and will accept the recommendation for overpayment in the amount stated of $1,322.16.” The controversy growing out of that claim was thus effectually closed. The language, “ or such greater amount as is legally refundable,” must be held to relate to the matters relied upon in the claim for refund. Certainly it can not reasonably be contended that a claim for refund based upon the right to relief under the special assessment section could have any sort of relation to the grounds asserted in the 1919 claim for the refund of $424.35. If the principle contended for by plaintiff on this point is correct, the limitations imposed by Con *327 gress on tbe time within which claims for refund may be asserted, and actions thereon instituted, would be' completed annulled.
Plaintiff’s claim sued on herein is specifically barred by the very section on which plaintiff relies, section 252 of the act of 1921. In the language “ no such credit or refund shall be allowed,” etc., such credit or refwnd, can refer only to the credit or refund for which plaintiff is now contending, and the only claim for same was filed almost six years after the return was made. Section 3226 of the Revised Statutes as amended by section 1014 of the revenue act of 1924, 43 Stat. 343, provides that “ No such suit * * * shall be begun * * * after the expiration of five years from the date of the payment of such tax * * * unless such suit * * * is begun within two years after the disallowance of the fart of such claim to which such suit or froceeding relates.” (Our italics.)
The claim of July, 1919, does not include any part of the claim to which this suit relates. The claim to which this action relates was filed March 15, 1924, long after the prescribed period for filing a claim for refund.
Plaintiff’s legal status is not affected in any manner by the action of the commissioner in advising plaintiff that consideration had been given to its second claim under section 210 and that a. recomputation and audit showed an over-assessment of $5,725.70. The final action of the commissioner was the rejection of the claim, due to the fact that no claim for such refund had been filed within the prescribed time. A few of the cases which sustain defendant’s contention are as follows: Nichols v. United States, 7 Wall. 122, 130; Cheatham et al. v. United States, 92 U. S. 85; Hicks v. James, 48 Fed. 542 (this case was affirmed by the United States Supreme Court in James v. Hicks, 110 U. S. 272); Kings County Savings Institution v. Blair, 116 U. S. 200; Rock Island A. & L. R. R. Co. v. United States, 254 U. S. 141. Plaintiff is not entitled to recover, and it is so adjudged and ordered.
SiNNOtt, Judge; GreeN, Judge; Graham, Judge; and Booth, Chief Justice, concur.