## MUTUAL LIFE INS. CO. OF NEW YORK v. UNITED STATES.

### No. K–377.

Court of Claims.
May 4, 1931.

Wm. M. Williams, of Washington, D. C. (Frederick L. Allen, of New York City, on the brief), for plaintiff.

Edward H. Horton and Lisle A. Smith, both of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff instituted this suit August 29, 1929, to recover $372,814.97 with interest on $185,908.05 from September 14, 1923, $185,-908.04 from December 14, 1923, and on $998.88 from December 21, 1926, representing an overpayment of income tax for 1922.

Defendant demurs to the petition on the ground: First, that it fails to state facts which constitute a cause of action against the United States; and, secondly, that the facts stated do not constitute a cause of action within the jurisdiction of this court.

The question is the sufficiency of a claim for refund filed August 2, 1927.

Plaintiff is a New York corporation engaged in the business of life insurance. In March, 1923, it filed an income-tax return as a life insurance company for the calendar year 1922, under the revenue act of 1921, showing a total tax liability of $743,632.21, which was paid in four installments of $185,-908.06 on March 15 and June 15, 1923, $185,-908.05 on September 14, 1923, and $185,-908.04 on December 14, 1923. On September 21, 1926, plaintiff paid to the collector an additional assessment for 1922 of $5,473.31, together with interest thereon in the amount of $998.88. During 1922 plaintiff received interest from tax-exempt securities amounting to $4,798,178.66. In its return for that year, in computing the deduction claimed under section 245 (a) (2) of the Revenue Act of 1921 (42 Stat. 261), it followed the provisions of that section and the instructions of the Commissioner of Internal Revenue and subtracted from 4 per centum of the mean of its reserve fund required by law and held at the beginning and at the end of the taxable year said amount of tax-exempt interest, as shown on the return.

August 2, 1927, plaintiff filed with the Commissioner of Internal Revenue a claim for refund of $5,799.58, or such greater amount as might be legally refundable, of income tax paid for 1922. This claim is attached to the petition as Exhibit B and is made a part of this finding by reference. The basis of the claim was that for 1922 plaintiff had understated the 4 per cent. of the mean of the reserve funds by $46,396.64 resulting in an overpayment of tax in the amount of $5,799.58. In this claim it was stated in part that: "Under section 245 (a) (1) and (2) of the revenue act of 1921, in arriving at its net income, taxpayer is entitled under said subdivision (a) (1) to deduct from its gross income the amount of interest received by it during the taxable year on tax-exempt securities, and under said subdivision (a) (2) to deduct 'an amount equal to the excess, if any, over the deductions specified in paragraph (1) of this subdivision, of 4 per centum of the mean of the reserve funds required by law and held at the beginning and end of the taxable year.' * * *" And, further, as the statement of facts relied upon by plaintiff in support of the claim it alleged an understatement of its reserves held at the beginning and the end of the taxable year 1922 "making 4 per cent of the mean of the reserve funds held at the beginning and end of the year 1922, $23,142,-642.35, as reported by taxpayer in said return, instead of $23,189,038.99, 4 per cent of the mean of said reserves as actually held by taxpayer at the beginning and end of said taxable year, making a difference in the deduction under section 245 (a) . (2) of the Revenue Act of 1921 of $46,396.64, and an overpayment by taxpayer of income tax for said taxable year 1922 of $5,799.58." This claim for refund was considered and wholly disallowed and rejected by the Commissioner of Internal Revenue on September 3, 1927.

On June 4, 1928, the Supreme Court of the United States, in National Life Insurance Co. v. United States, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968, decided that the provisions of section 245 (a) (2) of the Revenue Act of 1921 that only the excess of the 4 per cent. of the mean of the reserve funds over the amount of tax-exempt interest might be deducted was unconstitutional. By reason of this decision the Commissioner of Internal Revenue shortly thereafter voluntarily refunded to the plaintiff the amount of $5,-473.31, being the additional assessment paid on September 21, 1926, together with interest of $682.89. Checks for these amounts were received by plaintiff November 17, 1928.

Shortly after the commencement of this suit, the commissioner refunded to plaintiff the further sum of $998.88, being the amount of interest collected on September 21, 1926, upon the additional assessment aforesaid.

On December 27, 1928, plaintiff filed with the Commissioner of Internal Revenue a statement concerning its claim for refund filed August 2, 1927, which statement was based upon the decision in National Life Insurance Co. v. United States, supra, and requesting reconsideration of the refund claim and a further allowance to the extent of $371,816.09 in addition to the amount of $5,473.31 previously refunded. This statement is attached to the petition as Exhibit C and is made a part of this finding by refer-

ence. The additional amount which plaintiff requested the commissioner to allow in view of the decision in the National Life Insurance Company Case represented the tax paid within four years prior to the date of the filing of the claim on August 2, 1927, over the amount which the commissioner already had refunded. The commissioner did not reopen the claim of August 2 or reconsider his action denying it.

As a result of the reduction of the 4 per centum of the mean of plaintiff's reserve funds for 1922 by $4,798,178.66, the amount of tax-exempt interest, in computing the deduction allowed to it under section 245 (a) (2) of the Revenue Act of 1921, the plaintiff overpaid its income tax for 1922 in the amount of $599,772.33.

From the foregoing facts it appears without dispute that plaintiff overpaid its tax for 1922 in an amount in excess of that which it now seeks to recover. Plaintiff insists that, since its claim for refund of August 2, 1927, related to the computation of its reserve funds required by law and set forth facts specifically or by reference to the returns for 1921 and 1922 then in possession of the commissioner showing the amount of said reserve funds, the amount of tax-exempt interest and, also, the 4 per cent. of the mean of the reserve funds, it was a sufficient claim under the statute and the regulations to entitle the plaintiff to the refund of the overpayments made within four years prior to the filing thereof because of the decision in the National Life Insurance Company Case; that, if there was any insufficiency in the claim, it was a matter of form which was corrected by the statement of December 27, 1928; and that the commissioner was authorized and required to make the refund under said claim and since he refused to do so this suit may be maintained to recover the full overpayment made within four years prior to August 2, 1927.

The claim of August 2, 1927, was made on the specific ground that the reserve funds at the beginning and the end of the taxable year were greatly in excess of the amounts reported by the taxpayer and determined by the commissioner and that, therefore, the 4 per cent. of the mean of these reserve funds should be increased by $46,396.64, which would increase the deduction provided in section 245 (a) (2) of the 1921 act and result in an overpayment of $5,799.58, refund of which was demanded. That claim cannot, therefore, be construed as a claim for refund on the basis of deduction of the full 4 per

cent. of the mean of the reserve funds amounting to $4,798,178.66. In United States v. Felt & Tarrant Mfg. Co., 51 S. Ct. 376, 378, 75 L. Ed. ——, decided April 13, 1931, the Supreme Court held that one object of the requirements with reference to filing a claim for refund is to advise the appropriate officers of the demands or claims intended to be asserted so as to insure an orderly administration of the revenue; that the claim which the statute makes prerequisite to a suit obviously relates to a claim which may be asserted by suit; and that quite apart from the provisions of the regulations the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which suit is brought. Although the claim of August 2 stated certain facts with reference to the reserve funds at the beginning and end of the taxable year from which the 4 per cent. of the mean of these reserve funds could be determined, they were stated, considered, and acted upon by the commissioner for an entirely different purpose than that upon which the plaintiff now relies. No claim for refund of the nature asserted in this suit was ever made to the commissioner until the application for reconsideration long after he had rejected the claim and after the statute of limitation for filing a claim had expired. The commissioner declined to reconsider his action rejecting the claim. A claim that has been rejected may not be amended after the statute of limitation has expired. Sugar Land Railway Co. v. United States, 48 F. (2d) 973, decided April 6, 1931, by this court. To hold that a claim for refund made on a specific ground may, after it has been considered and rejected, be amended or enlarged so as to include an entirely different ground, and to claim a much larger refund than that asserted in the original claim, would be to permit an indefinite postponement of the limitation for bringing suit and would nullify the provisions of the statute as to the time within which claims may be filed and the time within which suit may be brought. Jonesboro Grocer Co. v. United States, 66 Ct. Cl. 320–327. The claim of August 2, 1927, did not fulfill the requirements of the statute. The question here involved was not brought to the attention of the commissioner by a timely claim, and he took no action upon it. "Even though formal, the condition upon which the consent to suit is given is defined by the words of the statute, and 'they mark the conditions of the claimant's right.'" Rock Island R. R. Co. v. United States, 254 U. S. 141, 143, 41 S. Ct.

"55, 56, 65 L. Ed. 188." United States v. Felt & Tarrant Mfg. Co., supra.

The demurrer is sustained, and the petition is dismissed. It is so ordered.