## MEMPHIS COTTON OIL CO. v. UNITED STATES.

### No. L–173.

Court of Claims.

May 31, 1932.

Plaintiff sues to recover $6,496.46, overpayments of income tax for 1922 and 1923 in the amounts of $1,660.70 and $4,835.76, respectively, with interest thereon from the dates on which payments were made. The overpayments are admitted. The Commissioner of Internal Revenue refused to refund the overpayments for the reason that, although the claims for refund were timely filed, the grounds thereof and the facts stated therein were insufficient in law to authorize him to allow and refund the overpayments. The only defense to this suit is that the claims for refund were insufficient to entitle the plaintiff to a refund, and, upon denial thereof, to maintain suit to recover the overpayments.

Special findings of fact:

1. The plaintiff, a Texas corporation, duly made and filed its return for the calendar year 1922 showing a net income of $205,010.-02 and a tax of $25,626.25, which was paid in four installments of $6,250, $6,563.12, $6,-406.57, and $6,406.56 on March 11, June 14, September 13, and December 7, 1923, respectively.

The correct net income for 1922 was $182,-515.43 and the correct tax payable thereon was $23,965.55. Plaintiff overpaid its income tax for 1922 in the amount of $1,660.70.

2. Plaintiff duly made and filed its return for the calendar year 1923 showing a net income of $44,631.08 and a tax of $5,578.89, which was paid in four installments of $1,-393.94, $1,393.98, $1,395.48, and $1,395.49 on March 7, June 12, September 12, and December 6, 1924, respectively.

The correct net income for 1923 was $7,-945.03, and the correct tax payable thereon was $743.13. Plaintiff overpaid its tax for 1923 in the amount of $4,835.76.

3. June 30, 1927, plaintiff filed a timely claim for refund, duly verified under oath of its president, for 1922 on the form prescribed by the Bureau of Internal Revenue, claiming a refund of $1,329.69, or such greater amount as should be legally refundable. Plaintiff stated on the face of this claim for refund as follows:

"Deponent verily believes that this application should be allowed for the following reasons:

"The statement attached hereto shows—

1. That the amount of tax paid
for this year was..............$25,626.25

2. And that the correct amount
of tax due was................ 24,296.56

3. And there was overpaid
in error.....................$ 1,329.69

4. Refund of which is requested
and with interest as provided
by law."

The statement attached to this claim by the plaintiff stated as follows:

Net income per books..........$159,836.71
Taxable net income............ 194,372.46
   Difference .................$ 34,535.75

### Computation of tax

Net income....................$194,372.46
12½ per cent.................. 24,296.56
Previously paid................ 25,626.25
   Overpaid .................$ 1,329.69

4. On the same day, to wit, June 30, 1927, plaintiff filed a timely claim for refund, duly verified under oath, for 1923 on the form prescribed by the Bureau of Internal Revenue claiming a refund of $1,813.39, or such greater amount as should be legally refundable.

Plaintiff stated on the face of this claim as follows:

"Deponent verily believes that this application should be allowed for the following reasons:

"The statement attached hereto shows:

1. The tax paid is................$5,578.85
2. The correct tax due, as........ 3,765.46
3. Tax overpaid in error.........$1,813.39
4. Refund of which is requested
and with interest as provided
by law."

5. The statement prepared by plaintiff and attached to this claim for refund was as follows:

Net loss per books.............$ 3,781.01
Taxable net income............. 30,123.71
   Difference .................$33,904.72

### Computation of tax

Net income....................$30,123.71
Tax 12½ per cent.............. 3,765.46
Tax paid...................... 5,578.85
   Overpaid ..................$ 1,813.39

5. Upon receipt of these claims for refund, the Commissioner of Internal Revenue, in order to decide upon the merits thereof, made an investigation and an audit of the books and records of the plaintiff for 1922 and 1923 through an internal revenue agent in the office of the internal revenue agent in charge at Dallas, Tex., to whom instructions were given by the Commissioner to make such audit. The internal revenue agent examined and audited plaintiff's books and records and made a full detailed report of his findings to the Commissioner of Internal Revenue on February 7, 1928. A copy of this report was furnished to the plaintiff by the internal revenue agent in charge at Dallas, Tex., on April 12, 1928. The report showed the net income as disclosed by the books for each of the years and the correct statutory net income. It also showed the adjustments, the nature, and the amounts of the various items going to make up the difference, with a detailed explanation of each item.

The audit made by the internal revenue agent and the report prepared and filed by him with the Commissioner February 7, 1928, showed that the correct taxable net income for 1922 was $182,515.43, that the correct amount of tax payable thereon was $23,965.55, and that the plaintiff had been overassessed in the amount of $1,660.70. The audit and report further showed that the correct taxable net income for 1923 was $7,945.03, that the correct tax payable thereon was $743.13, and that the plaintiff had been overassessed in the amount of $4,835.76.

6. Subsequent to the investigation and audit of plaintiff's books and records for 1922 and 1923 by the internal revenue agent, pursuant to instructions of the Commissioner, C. B. Allen, Deputy Commissioner of Internal Revenue in charge of the Income Tax Unit of the Bureau of Internal Revenue, on August 9, 1928, advised the plaintiff by letter of that date that a review of the report submitted by the internal revenue agent in charge at Dallas, Tex., covering the years 1922 and 1923, disclosed overassessments of $1,660.70 for 1922 and $4,835.76 for 1923. This was in exact accordance with the report made by the revenue agent. This letter contained statements showing the details of the computation by which the overassessments were arrived at. The letter advised the plaintiff that, if it should not acquiesce in the adjustments proposed by the Bureau, based upon recommendations of the internal revenue agent in his report, it should file its protest and argument with the internal revenue agent in charge at Dallas, Tex., within fifteen days. The letter further stated as follows:

"Your claims for refund of * * * $1,-329.69 and $1,813.39 for the years * * * 1922 and 1923, respectively, have been given careful consideration and adjusted in accordance with the above statements. The overassessments shown herein will be made the subject of certificates of overassessment which will reach you in due course through the office of the collector of internal revenue for your district, and will be applied by that official in accordance with section 284 of the revenue act of 1926."

7. Upon the receipt of the aforementioned letter of August 9, 1928, from the Deputy Commissioner of Internal Revenue in charge of the Income Tax Unit, the plaintiff on September 7, 1928, protested against the amount of depreciation allowed in said letter for 1922. Thereafter on October 13, 1928, the Deputy Commissioner of Internal Revenue in charge of the Income Tax Unit of the Bureau mailed to the plaintiff a letter in which he denied the protest with respect to depreciation for 1922 and sustained his previous findings, as outlined in his letter to the plaintiff of August 9, 1928. The letter of October 13, 1928, advised plaintiff that if it did not acquiesce in the determination disclosed thereby and the adjustments made therein, it would be given a hearing in the Income Tax Unit at Washington, upon request, within fifteen days. Plaintiff made no protest against this determination and did not request a hearing thereon. This letter contained statements and schedules showing the details of the determination with respect to the tax for 1922 and 1923, disclosing the overassessments for each of the years in the amounts set forth in the revenue agent's report and in the first letter of the Deputy Commissioner of August 9, 1928. The letter of October 13, 1928, concluded with the same statements concerning the claims for refund and the overassessments for 1922 and 1923, as above quoted from the letter of August 9, 1928.

8. Nothing further was done with reference to the tax liability of plaintiff and the overassessments for 1922 and 1923, or with respect to its claims for refund for those years until January 26, 1929, when C. B. Allen, Deputy Commissioner of Internal Revenue in charge of the Income Tax Unit of the Bureau of Internal Revenue, prepared and mailed to the plaintiff a letter advising it that its claims for refund for 1922 and 1923 would be rejected. This letter was as follows:

"Your claims for refund of $1,329.69 and $1,813.39 for the years 1922 and 1923, respectively, have been examined.

"The basis of the claims is that your net income for 1922 should be $194,372.46 and for 1923, $30,123.71. No evidence has been filed with the claims to support your contentions. Article 1304 of Regulations states in part that:

" 'All facts relied upon in support of the claims should be clearly set forth in detail under oath.'

"Your attention is also directed to general counsel's Memorandum 1020, Cumulative Bulletin VI-1, page 119, Treasury Decision 4002, Cumulative Bulletin VI-1, page 121, and Treasury Decision 4211, Internal Revenue Bulletin, Volume VII, No. 39, page 9.

"Since the information on file with the claims does not meet the requirements of article 1304 of Regulations 69, and the claims do not indicate that the taxes have been illegally assessed, they will be rejected. The rejection will officially appear in a schedule to be approved by the commissioner."

9. On April 2, 1929, the plaintiff by its attorney in fact wrote the following letter to the Commissioner of Internal Revenue, to which letter was attached a copy of the letter of the Deputy Commissioner of October 13, 1928:

"Referring to your letter of January 26th, 1929, wherein you proposed to reject the claims for refund of the above company for the years 1922 and 1923, for the alleged reason that the claims filed did not meet the requirements of article 1304 of Regulations 69, you are hereby advised that the taxpayer does not acquiesce in this decision, and a conference has been arranged in your office for April 9th, 1929, at two p. m.

"Subsequent to the filing of said claims, a revenue agent audited the books of the taxpayer for the years 1922 and 1923, and by a report dated February 7th, 1928, found that the taxpayer was entitled to refunds of $1,660.70 and $4,835.76 for the years 1922 and 1923, respectively. Subsequently, on October 13th, 1928, the commissioner addressed a letter to the taxpayer finding overassessments of $1,660.70 and $4,835.76 for the years 1922 and 1923, respectively. On page 10 of the commissioner's said letter of October 13th, 1928, the following statement is made:

" 'Your claims for refund of $6,148.61, $1,329.69, and $1,813.39, for the years 1921, 1922, and 1923, respectively, have been given careful consideration and adjusted in accordance with the above statements.'

"While it would not appear to be necessary to amend the original claims filed for the years 1922 and 1923, after the commissioner had audited. the books of the taxpayer and found the overassessments above referred to for said years, the taxpayer, however, does hereby amend its said claims for refund for 1922 and 1923, respectively, by specifically claiming the overassessments of $1,660.70 and $4,835.76 for the years 1922 and 1923, respectively, as outlined in the commissioner's said letter of October 13, 1928, a copy of which is attached hereto and made a part hereof."

10. On October 23, 1929, the Commissioner rejected plaintiff's claims for refund for 1922 and 1923 on the ground that they were not sufficient claims for refund under the statute and that allowance and refund of the overpayments for 1922 and 1923 were barred by the statute of limitation. On the same date he notified the plaintiff of this rejection.

11. At all times herein mentioned C. B. Allen was the duly appointed, qualified, and acting Deputy Commissioner of Internal Revenue in charge of income taxes, with full power and authority to make the findings and decisions set forth in the letters of August 9, and October 13, 1928, and January 26, 1929, to the same extent and purpose as though made by the Commissioner of Internal Revenue personally.

Walter E. Barton, of Washington, D. C. (R. C. Winters, of Abilene, Tex., and Raymond C. Cushwa, of Washington, D. C., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The question in this case is whether the Commissioner of Internal Revenue was justified in rejecting plaintiff's claims for refund for 1922 and 1923 on the ground that they were insufficient to constitute claims under the statute, and in refusing to schedule the overassessments and allow a refund of the overpayments for the years involved, and whether, in view of such rejection, the plaintiff is entitled to maintain this suit.

We are of opinion that the Commissioner of Internal Revenue had authority under the claims as filed and the facts before him to allow the overpayments and to refund the amounts thereof after the expiration of the period of limitation within which he could have made such allowance and refund without a claim, and that, upon the facts as disclosed by the findings, the plaintiff is entitled to maintain this suit upon the Commissioner's rejection of the claims. The amount of the overpayment for each year is not in question.

The claims in question were timely filed. They were finally rejected by the Commissioner on the sole ground that the plaintiff did not set forth in the claims at the time they were filed the specific ground upon which the overpayment was claimed and did not set forth the detailed facts upon which it relied to show that the correct net income and correct tax for each of the years was less than the net income shown in the returns and the tax paid thereon. The claims for refund, as originally filed by the plaintiff, gave the Commissioner jurisdiction over the matter of an overpayment for the years for which the claims were filed. Factors' & Finance Co., Inc., v. United States (Ct. Cl.) 56 F.(2d) 902; Lancaster Cotton Mills v. United States (Ct. Cl.) 59 F.(2d) 270, decided this date. He had authority under the statute to allow and refund such overpayment as he might determine had been made on the basis of any facts before him at the time the claims were filed, or upon facts thereafter obtained by him from an examination of the plaintiff's books and records.

After the refund claims were filed and before he had made any decision thereon or taken any action with respect thereto, the Commissioner directed an agent of his office to make an examination and audit of the plaintiff's books and records for the years for which the claims had been filed and to submit a report of such investigation and audit for the purpose of enabling him to determine and pass upon the merits of the claims. This investigation and audit were duly made and a detailed report thereof showing the correct net income, correct tax, and the amount of the overassessment with a statement of the various items and amounts causing the adjustments shown, with a detailed explanation of each item. The revenue agent made this report to the Commissioner on February 7, 1928, and a copy of the same was thereafter furnished to the plaintiff. Upon receipt of the report, the Commissioner entered upon consideration of plaintiff's claims for refund, and, in the light of facts disclosed by the returns filed, the record in the case, and the

facts and information disclosed in the revenue agent's report, made an audit of the plaintiff's tax liability for the years 1922 and 1923 and advised the plaintiff that upon review of the agent's reports and after consideration of the claims for refund he had determined overassessments of $1,660.70 for 1922 and $4,835.76 for 1923, which were the overassessments shown in the revenue agent's report. The Commissioner therefore, prior to his consideration of the claims and before he had taken any action thereon, was fully informed as to the reasons for the overpayments and the detailed facts to support the same. He was fully advised, and, so far as concerned his jurisdiction and authority to act under the statute with respect to the claimed overpayments, it made no difference whether the facts showing the overpayments were furnished in the first instance by the plaintiff as a part of its claims for refund or were already in the possession of the Commissioner, or were obtained by him after the filing of the claims by an examination and audit of the plaintiff's books of accounts. Factors' & Finance Co., Inc., v. United States, supra.

The plaintiff might have amended the claims before the Commissioner had acted thereon so as to state the facts relied upon, but the facts obtained by the Commissioner before he had acted rendered amendment unnecessary and fulfilled the requirement of the regulations that all facts relied upon should be set forth by the taxpayer. Although we think it is unimportant whether the Commissioner obtained the facts before or after the expiration of the period within which he could have allowed an overpayment without a claim, it appears in this case, that so far as 1923 is concerned, the grounds of the claim and all the facts necessary to a decision whether there had been an overpayment for the year were furnished to the Commissioner on February 7, 1928, before the expiration of time within which an original claim for refund could have been filed for 1923.

The facts considered by the Commissioner, and upon which he concluded that there had been overassessments in the amounts involved in this suit for the years 1922 and 1923, were supplied by the plaintiff to the Commissioner through his agent and at his direction. The Commissioner, therefore was not justified in rejecting the claims and in refusing to allow the overpayments disclosed by the facts furnished him on the ground that the claims were insufficient. Nor can we agree with the defendant that the plaintiff may not maintain this suit to recover the admitted overpayments because the facts before the Commissioner at the time he acted were not originally set forth by the plaintiff in the claims which it filed. We think the claims, considered in the light of the facts before the Commissioner as disclosed by the record, were sufficient to entitle the plaintiff to sue upon the rejection thereof. The Commissioner was not misled. He had before him all the facts that the taxpayer could furnish, and he had every opportunity to correct any errors that had been made in the assessment and collection of the tax for the years involved. The rule that the taxpayer may not bring suit unless the Commissioner has been informed of the matters made the basis of the suit and has been afforded an opportunity to consider the same does not, therefore, apply in this case.

Judgment will be entered in favor of plaintiff for $6,496.46, with interest as provided by law. It is so ordered.