**ELECTRIC POWER & LIGHT CORPORA-
TION v. UNITED STATES.**

No. L–55.

Court of Claims.

Nov. 14, 1932.

774

776

LITTLETON, Judge.

Two questions are presented in this case. They are (1) whether the claim for refund filed by plaintiff was sufficient to entitle it to maintain this suit, and (2) whether the taxable income derived from the sale in 1922 of 18,380 shares of first preferred stock is susceptible of definite determination, and, if so, whether such profit was $179,506.78 or $311,940.70.

Plaintiff filed two claims for refund, both being on the same ground, namely, for an alleged overpayment of $82,190.70 on the basis of a revenue agent's report made a part of the said claim. These claims were timely, inasmuch as each of the four installments of tax paid for the year 1922 was in excess of the amount of $16,554.22 herein sought to be recovered.

In the return for 1922 plaintiff claimed to be affiliated with certain other corporations which were included in a consolidated return for that year, which return showed a consolidated net income of $1,049,089.99, upon which the total tax liability of $218,765.54 paid upon said return was computed. In making that return plaintiff eliminated certain intercompany transactions between the claimed affiliated corporations, including the elimination of an item of profit stated therein of $311,940.70 derived from the sale of a portion of the preferred stock of Utah Power & Light Company (Maine), one of its alleged subsidiaries, as mentioned in finding 3.

In February and March, 1927, a revenue agent made an investigation and examination of the consolidated return and of the books and records of the plaintiff and the seven claimed subsidiary corporations. He reported a total reduction in the consolidated taxable net income in the amount of $657,525.57 and recommended to the commissioner an allowance of an overassessment for 1922 of $82,190.70. The adjustments in net income forming the basis of the allowance recommended by the agent related principally and substantially to depreciation adjustment. No adjustments were made by the agent with respect to the intercompany items, including the item of profit of $311,940.70. The consolidated gross income of plaintiff as a separate corporation as determined by the revenue agent before the elimination of any of the intercompany items was $712,318. After eliminating the intercompany items, including the item of $311,940.70, the agent thereby reduced the consolidated net income to $391,564.42. The agent's report was dated March 9, 1927, and

Claude M. Houchins, of Washington, D. C. (John E. Walker, of Washington, D. C., on the brief), for plaintiff.

James A. Cosgrove, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

a copy thereof was furnished to plaintiff April 8, 1927. After the receipt of the report of the revenue agent, the commissioner, on May 6, 1927, advised plaintiff that for the year 1922 one group of the eight companies was affiliated with each other and that the other group of four, including Utah Power & Light Company (Maine), while affiliated with each other, was not affiliated with the plaintiff.

Thereafter, on May 26, 1927, the commissioner suggested to the plaintiff that it file a claim for refund for 1922, and on June 3, 1927, plaintiff filed a claim for refund of $82,190.70, and on September 13, 1927, filed a similar claim for the same amount. In both instances the grounds specified were "the reasons set forth in the internal revenue agent's report dated March 9, 1927, which shows an overassessment of the above amount for 1922." It will thus be seen that the nature of the claims for refund and the facts relied upon, which were those stated in the revenue agent's report, had no reference to the matter which forms the basis of this suit. The item giving rise to the controversy here was not made the basis of any portion of the refund for the claims filed. The claims were, therefore, insufficient under section 3226, Revised Statutes, as amended (26 USCA § 156), to form the basis of this suit. United States v. Felt & Tarrant Manufacturing Company, 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025. The fact that the revenue agent's report may have embraced statements with reference to the item of $311,940.70, which constituted the facts with reference to the nature of that item, which statements were made by the agent in connection with his audit of the case and the elimination of the item from consolidated net income, is not, in itself, sufficient. Mutual Life Insurance Company of New York v. United States, 49 F.(2d) 662, 72 Ct. Cl. 204. The claims for refund were not amended so as specifically to claim a refund on the grounds now urged.

Plaintiff cites the decision of this court in Memphis Cotton Oil Co. v. United States, 59 F.(2d) 276, decided May 31, 1932, to support its contention that the claims filed in this case were sufficient. That case is not in point. There the taxpayer filed a claim setting forth the income which had been returned, and upon which the tax had been paid, the claimed correct net income or loss as per its books for the years involved, and claimed the refund of the resulting overpayments. Upon receipt of these claims the commissioner, *for the purpose of deciding upon the* *merits thereof,* instructed his agent to make an investigation and obtain the facts with reference thereto from the taxpayer by an audit and examination of its books and records. This the agent did, and the taxpayer furnished him with information as to the nature of each item and all the facts in reference to the matter, and the agent thereupon made a detailed report of the facts and the nature of the various items to the commissioner, showing overpayments for the years involved, together with an explanation of the nature of each item as furnished by the taxpayer. These overpayments were somewhat in excess of the amounts claimed in the refund claims theretofore filed. The commissioner found the overpayments to be as stated in the agent's report. These detailed facts and the nature of each item were furnished to the commissioner by the taxpayer through the commissioner's agent before the commissioner had taken any action upon the claims. In these circumstances the court held that the statements of the taxpayer in the claims filed, taken in connection with the facts and reasons furnished to the commissioner by the taxpayer through the commissioner's agent, were sufficient to form the basis of plaintiff's suit to recover the admitted overpayments. Had the commissioner not called for a statement of the nature of the claim and the facts with reference thereto, but had acted upon the claim and rejected it, no suit could have been maintained thereon. But having called for the facts in order to decide upon the claim, which facts were furnished by the taxpayer through the commissioner's agent, we fail to see wherein the situation was any different from what it would have been if the commissioner had asked the taxpayer direct to furnish the same.

This court has in no case decided, and the Memphis Cotton Oil Company Case is not authority for the proposition that if the commissioner has in his possession facts upon which he might allow a refund on a ground that is not made a basis of the claim for refund filed a suit may be maintained to recover a claimed or admitted overpayment, the nature of which had not been included in a claim which had been rejected. On the contrary, this court has consistently held that such a suit may not be maintained. Mutual Life Insurance Company of New York v. United States, supra. We have held that an informal or an insufficient claim for refund timely filed which would not be sufficient to constitute the basis of a suit if rejected, may, nevertheless, be allowed by the com-

missioner for any reason that convinces him from any facts or information in his possession that there has been an overpayment; that he has authority to make a refund thereon after the expiration of time within which he could make a refund without a claim. This was the situation in Lancaster Cotton Mills v. United States, 59 F.(2d) 270, decided by this court May 31, 1932. But this is quite different from saying that if such an insufficient claim is denied by the commissioner a suit may be maintained thereon because the commissioner could have allowed an overpayment. See Factors' & Finance Co., Inc., v. United States, 56 F.(2d) 902, 73 Ct. Cl. 707.

The conditions prescribed by section 3226, Revised Statutes, as amended, must be met before suit can be maintained.

The petition is dismissed. It is so ordered.