## JOHNSON v. UNITED STATES.

### No. K–515.

Court of Claims.

Nov. 14, 1932.

Edward H. Green, of New York City, and Lawrence A. Baker, of Washington, D. C. (Henry Ravenel, of Washington, D. C., on the brief), for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Charles P. Pollard, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The question presented in this case is whether plaintiff is entitled to maintain this suit to recover an overpayment of $5,969.56 for 1917 under a claim for refund filed June 12, 1924, and whether a claimed amendment of the aforesaid claim for refund made November 14, 1928, had the effect of making the previous claim, if insufficient, valid for the purpose of suit.

So far as material to a decision of the question presented, the facts in substance are that the partnership of Endicott, Johnson & Co., of which plaintiff was a member, filed a partnership return for 1917 disclosing an income upon which the partnership paid an excess profits tax of $1,413,028.55, a portion of which was refunded.

In March, 1918, plaintiff filed his individual income tax return for 1917 showing a tax of $35,245.12, which he paid. In this return he did not take a deduction from his distributive share of the partnership net income of his proportionate share of the excess profits tax paid by the partnership on its return for 1917.

At that time and continuously until February 4, 1927, when the Treasury Department promulgated Treasury Decision 3971 containing the decision of the Circuit Court of Appeals for the Second Circuit in Reid v. Rafferty, 15 F.(2d) 264, the commissioner had held that the excess profits tax paid by a partnership for 1917 should be deducted from the partnership's gross income in determining the distribution to be shown in the partners' individual returns. But after making the distribution of the income from the remaining balance on the partnership return to the individuals, no further credit was allowed to the individual for his pro rata share of the excess profits tax paid by the partnership. This practice was changed in

1927 and the overpayment which is sought to be recovered in this suit results from a credit against plaintiff's distributive share of the net income of the partnership of his pro rata share of the excess profits tax paid by the partnership for 1917.

In 1921 the commissioner caused an examination to be made of the books and records of the partnership, and in March, 1923, he made a jeopardy assessment of an additional tax against the partnership for 1917. In February, 1922, the partnership requested a conference with the commissioner for the purpose of presenting reasons and evidence in opposition to a proposed assessment against the partnership, and thereafter numerous conferences in connection with the partnership tax, and, also, in connection with that of the plaintiff, were held in 1923, 1924, and 1925, and briefs, appeals, and evidence were filed with the commissioner. In March, 1923, plaintiff filed with the commissioner a verified appeal from the proposed additional assessment against him resulting from the increase in his distributive share of the net income of the partnership resulting from the increase in the partnership income upon which the additional tax had been assessed against the partnership earlier in that month. June 12, 1924, plaintiff filed a claim for refund of $35,245.12 for 1917. Under certain waivers which had been executed by him, this claim was timely. The appeal that had been filed by plaintiff with the commissioner was made a part of this claim as to the facts and the grounds upon which said claim was based. The appeal related to the consolidation of the partnership with certain corporations and questioned the proposed additional assessment against him as a result of the disallowance of items of expense which were proposed to be capitalized or disallowed completely by the commissioner, and other questions were raised as to the valuation of items for the purpose of invested capital.

■ The question whether the plaintiff was entitled to take a credit against his distributive share of the net income of the partnership of his pro rata share of the excess profits tax paid by the partnership was not mentioned in the appeal which was made the basis of the claim for refund, nor was this matter ever thereafter drawn into question or urged before the commissioner by the plaintiff until November 14, 1928, almost a year after the commissioner, on December 16, 1927, had rejected the claim filed June 12, 1924. In these circumstances, the claim first filed cannot form the basis of this suit to recover the overpayment of $5,969.56 resulting entirely from crediting against plaintiff's distributive share of the net income of the partnership of his pro rata share of the excess profits tax collected from the partnership for 1917. United States v. Felt & Tarrant Manufacturing Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025; Electric Power & Light Corporation v. United States, 1 F. Supp. 773, decided by this court November 14, 1932. The attempted amendment of the claim for refund on November 14, 1928, was without effect. Sugar Land Railway Co. v. United States, 48 F.(2d) 973, 71 Ct. Cl. 628; Mutual Life Insurance Co. of New York v. United States, 49 F.(2d) 662, 72 Ct. Cl. 204.

■ It is insisted, however, by the plaintiff that the commissioner had before him all the facts that could be furnished with reference to the net income of the partnership and the plaintiff's distributive share thereof for 1917, and that all the facts necessary to a proper computation of plaintiff's tax were, therefore, adequately known to the commissioner prior to and at the time of the filing of plaintiff's claim on June 12, 1924; that the facts set forth by plaintiff in his appeal to the commissioner in protest of the proposed additional assessment against him for 1917, by reason of an increase in the net income of the partnership, were adequate to show said net income and plaintiff's distributive share thereof and that his failure to point out to the commissioner in the claim that, as a matter of law, he should credit a portion of the excess profits tax paid by the partnership against the distributive share of the partners was not vital to the adequacy of the claim under section 3226, Revised Statutes as amended (26 USCA § 156); that, even if the facts upon which the right of plaintiff to recover the admitted overpayment were omitted in the claim, this would not prejudice the commissioner nor prevent him from making a determination of the amount of the overpayment from the facts otherwise in his knowledge and possession. We cannot agree with this contention. Before a suit can be maintained to recover an overpayment of tax, it must be shown that the nature of the items made the basis of the suit was brought to the attention of the commissioner in connection with plaintiff's claim for a refund. Mutual Life Insurance Co. of New York v. United States, supra. Lancaster Cotton Mills v. United States, 59 F. (2d) 270, decided by this court May 31, 1932;

Electric Power & Light Corp. v. United States, *supra*.

The petition must be dismissed. It is so ordered.