## LOWBER GAS COAL CO. v. UNITED STATES.

### No. L—489.

Court of Claims.
April 10, 1933.

Lloyd Anderson, of Washington, D. C. (Charles D. Hamel and Hamel, Park & Saunders, all of Washington, D. C., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff sues to recover $316,486.03 income tax for 1920. The plaintiff and certain other corporations, among which was one known as the Orient Coke Company, claimed the right to have their tax computed on the basis of a consolidated return for 1920; they appear to have originally filed separate returns. The Commissioner of Internal Revenue finally allowed consolidation but the plaintiff, feeling aggrieved at the action of the Commissioner with respect to certain items with reference to its income and that of the Orient Coke Company, instituted this suit and by a second amended petition sets out in detail all of the items and the facts with reference thereto concerning which it alleges the Commissioner erred.

Certain documents, letters, and appeals were filed with the Commissioner by the plaintiff and the Orient Coke Company between June 21, 1922, and March 13, 1926; also between those dates plaintiff received certain communications from the Commissioner and the Commissioner's office held various conferences with the plaintiff and the representatives of plaintiff and its affiliated corporations. On March 13, 1926, the plaintiff and the Orient Coke Company each filed claims for refund on Treasury Form 843. On December 7, 1928, the Commissioner rejected both of these claims for refund, after making certain adjustments, and thereafter, on April 25, 1929, more detailed claims for refund were filed by plaintiff and the Orient Coke Company. The last-mentioned claims were disallowed and rejected by the Commissioner on August 14, 1931, as invalid on the ground that they were not proper amendments of claims on file with the department and on the further ground that they were filed after the expiration of the statute of limitation for filing claims for 1920.

The grounds of the demurrer are: (1) That plaintiff's first claim for refund was insufficient in that it stated no grounds and was not the perfection of any informal or defective claim theretofore filed, and (2) that the second claim of April 25, 1929, was invalid because the first claim had been considered and rejected before the second one was filed and that there was no reconsideration and reopening by the Commissioner. The defendant's counsel properly admits that there is some question as to the correctness of the first ground of the demurrer.

Without setting out in detail all the facts alleged in the second amended petition, it is sufficient for the purpose of this opinion to state that the tax sought to be recovered by the plaintiff was duly paid by it during 1921 as shown on the return filed for 1920. Thereafter, July 15, 1921, the plaintiff claimed to be affiliated for the years 1917 to 1920, inclusive, with seven other corporations, but no document or claim was filed as to the proper items of consolidated income, invested capital, or the tax now in controversy. After a conference with reference thereto in June, 1922, the Commissioner requested the plaintiff and its alleged affiliated corporations to prepare and file an "Affiliated Corporation Questionnaire," which was done July 1, 1922. Thereafter numerous conferences were held and certain documents were filed by the representatives of the plaintiff and its affiliated corporations with the Commissioner subsequent to the filing of the questionnaire in

which claims were made to have their tax for 1920 determined on the basis of a consolidated return, together with claims for other adjustments in income and invested capital of some of the affiliated corporations.

Thereafter on November 1, 1924, the plaintiff, having received a letter from the Income Tax Unit of the Bureau of Internal Revenue proposing an additional tax for 1920 and prior years, filed an appeal, duly verified, contending, in addition to its claim for affiliation, for a reduction in its tax liability for 1920 on account of the following items: (1) Loss on sale of land, $183,000; (2) reserve for obsolescence, $17,232.44; (3) expense items capitalized by the income tax unit, $88,761.82; (4) bonus on charter, $1,600; and (5) reserve for local taxes charged to expense, $4,200. No specific demand for refund was made in this appeal but in conference with the Income Tax Unit and the Commissioner's office, plaintiff's authorized representatives contended that the tax for 1920 had been overpaid and in the detailed written statement thereafter filed with the Commissioner on October 24, 1925, the plaintiff set out the above-mentioned items in detail, together with a detailed statement of facts with reference to each, in which was contained the statement "The information in this letter, together with that already given in our briefs and previous letters, we think, gives you a complete outline of this case. We contend that we have already paid more tax than we should have, and that a further consideration of the facts presented will convince you of this. In other words, we think we are entitled to a substantial refund for taxes already paid."

On March 13, 1926, plaintiff filed a claim for refund on Treasury Form No. 843 for $316,486.03 paid for 1920 in which claim it was stated that "The corporation has been assessed and has paid for the year 1920 taxes amounting to $316,486.03. The company has up with the department at the present time the determination of the correct income for the years 1918, 1919, and 1920. If all the Lowber Gas Coal Company's claims are allowed it seems that the company should receive a certificate of overassessment in the amount as claimed above. This claim is filed in order to protect any claims or rights the company has, or may have, which might be affected by the statute of limitations." The plaintiff had theretofore, on January 25, 1926, filed a waiver for 1920. On April 27, 1926, the Commissioner notified plaintiff in writing of certain adjustments made for the years 1919 and 1920 but failed to allow the

claims theretofore made by plaintiff in said documents hereinabove referred to. On December 7, 1928, the Commissioner disallowed and rejected the claim for refund of March 13, 1926.

The Orient Coke Company filed certain claims for refund which were disallowed and rejected by the Commissioner, but there was nothing in the claims of the Orient Coke Company which would give this plaintiff a right to maintain this suit upon any of the items specified in the petition which were not stated in its claim, even if it might be said under the peculiar facts in any case that a member of an affiliated corporation might maintain a suit upon a claim for refund filed by others of the group. One of the items alleged by the plaintiff in this case is the alleged erroneous valuation by the Commissioner of certain coal reserves of the Orient Coke Company at May 2, 1904, and March 1, 1913. This item was not presented by the plaintiff in any of the documents filed by it nor in its claim for refund on March 13, 1926. However, in August, 1923, the Orient Coke Company had filed a claim for refund for the years 1916 to 1918, inclusive, on the ground that certain of its coal lands had been erroneously valued by the Commissioner in 1904 and on March 1, 1913, and that a value of $3,500 an acre therefor should be allowed. This claim was rejected by the Commissioner November 13, 1925. A claim later filed, April 25, 1929, for 1920 can not be treated as an amendment of the previously rejected claim for 1918. The only ground stated in the claim for refund filed by the Orient Coke Company March 13, 1926, was that "The company has up with the department at the present time the question of consolidating this company with other companies. If the Orient Coke Company's claim is allowed it should receive a certificate of overassessment in an amount as claimed above [$35,649.62 for 1920]. This claim is filed in order to protect any claims or rights the company has, or may have, which might be affected by the statute of limitations." The reservation contained in the last sentence of the above claim could not protect the rights of the Orient Coke Company nor of the plaintiff with reference to an item not presented by the claim of either company for 1920, and the fact that the Orient Coke Company had previously filed a claim for a prior year on account of valuation of coal lands in prior years would not give the plaintiff or the Orient Coke Company a right to raise this question after the refund claim of the plaintiff and the Orient Coke Company for 1920 had been disallowed

and rejected and after the statute of limitations for filing claims for that year had expired.

Although the Commissioner held that the plaintiff, the Orient Coke Company, and certain other companies were affiliated for 1920 and computed their taxes on the basis of a consolidated return, the above-mentioned claim of the Orient Coke Company was rejected by the Commissioner on December 7, 1928.

The Commissioner appears to have made his final determination with respect to the tax liability of the plaintiff and the other affiliated companies on the basis of a consolidated return for 1920 and with respect to the items presented to the protest, appeals, and claims for refund of the plaintiff and the Orient Coke Company. Nothing further appears to have been done until April 25, 1929, on which date the plaintiff and the Orient Coke Company each filed a claim for refund on Treasury Form No. 843, as follows:

"The Department has recently completed its determination of the affiliated status of the Orient Coke Company, Poland Coal Company, Lowber Gas Coal Company, Ontario Gas Coal Company, Poland Supply Company, Ocean Coal Company, Emerald Coal & Coke Company and the Emerald Coal Company, for all or part of the taxable years 1917–1923, inclusive, including the taxable year 1920, and adjustments of tax liability for the companies named had been made in accordance with the Department's determination with respect to the affiliation above mentioned. Pending final determination of the affiliation status, the consideration of specific adjustments to income and/or invested capital of the several companies in the affiliated group for the years in question has been deferred. This claim is filed to preserve the rights of this taxpayer as a member of the affiliated group to any refund to which it may be entitled as the result of a final determination and allocation of the correct tax liability of the group for the year 1920 based on the Department's completion of its consideration of specific adjustments to income and capital of each member of the group.

"(1) The Department erred in determining too low a basis for gain or loss as of 1904 and/or March 1, 1913, in connection with the sale or exchange by Orient Coke Company of its assets in 1920, the basis so determined being, to wit, $2,337,684.40 and the proper basis being in excess of, to wit, $3,500,000. Said sale or exchange in 1920 did not result in any taxable income but on the contrary resulted in a substantial loss.

"(2) The Department erred in determining that the price or value for which the property of the Orient Coke Company was sold or exchanged in 1920 was, to wit, $2,500,000, consisting of $750,000 in cash and $1,750,000 in secured notes, the fact being that the consideration received was $750,000 cash and notes having a fair market value not to exceed, to wit, $1,400,000, or a total consideration of not to exceed, to wit, $2,150,000.

"(3) The Department erred in excluding from the March 1, 1913 basis for determining gain or loss, and also from invested capital the sum of, to wit, $220,508.90, representing the cost of additions to the plant of Orient Coke Company prior to 1913.

"(4) The Department erred in deducting depreciation on stone and other buildings and structures of the Orient Coke Company prior to 1913 in the amount of, to wit, $232,967.02, said error being reflected in the 1913 basis for determining gain or loss of said properties and also in the computation of the invested capital of said company.

"(5) The Department erred in failing to allow the Lowber Gas Coal Company a loss of, to wit, $225,000 on the sale or exchange in 1920 of approximately 125 acres of Connellsville coal properties suitable for the manufacture of coke for approximately 102 acres of coal properties near Fayette City, Pennsylvania, suitable for gas and other purposes, the basis of the property exchanged being, to wit, $285,000 and the fair market value of the properties received in exchange being, to wit, $60,000.

"(6) The Department erred in failing to allow a deduction of, to wit, $35,000 to Lowber Gas Coal Company for 1920, representing a loss in useful value of certain facilities for the storage of coal, said facilities being erected for the purpose of taking care of large contracts for coal, which contracts expired in 1920.

"(7) The Department erred in failing to allow a reasonable deduction to the Lowber Gas Coal Company for 1920 in the amount of, to wit, $175,000 representing amortization of a tram road and other related facilities erected by said company for war purposes, within the meaning of the amortization provisions of the Revenue Act of 1918 (40 Stat. 1057, 1066, § 214), the allowance heretofore made by the Department for such purpose being entirely inadequate.

"(8) The Department erred in failing to allow a reasonable deduction to the Lowber Gas Coal Company in 1920, representing amortization of a coal mine known as the

Fayette mine, together with the improvements and other physical property at said mine, the mine and the properties mentioned having been acquired for war purposes within the amortization provisions of the Revenue Act of 1918.

"(9) This claim is hereby made supplemental to all claims and amended claims heretofore filed with the Department, including all exhibits, statements, schedules, briefs, protests, and returns legally constituting part of any of said claims.

"(10) Since the Department has not to date made a final determination of the necessary statutory adjustments to net income and/or invested capital of the corporations who are members of the affiliated group, it is impossible at this time for the taxpayer to specify in further detail the issues or points of difference which may arise subsequently hereto between it and the Department in respect of or affecting its tax liability for the year 1920. Hence this claim is made for the specific further and additional purpose of preserving the rights of the taxpayer in respect of any new items of adjustment to income or invested capital which may develop in the consideration of the affiliated cases by the Department and in the negotiations between the taxpayer and the Department looking to the adjustment and settlement of tax liability for 1920. The taxpayer hereby reserves its rights under the law to amend and perfect this claim in these respects within a reasonable time after it acquires knowledge of any such additional points of difference or issues between it and the Government as to its income, invested capital, and tax liability for 1920.

"In addition to the amount requested to be refunded as above indicated, the taxpayer hereby makes specific claim for the payment to it of interest on said refund in accordance with law."

The items set forth in these claims were not contained or set forth in any timely, informal, or defective claim for refund filed with the Commissioner for 1920. The Commissioner did not reopen or reconsider his rejection of the first claims for refund for 1920. The aforementioned claims for refund of the plaintiff and the Orient Coke Company filed April 25, 1929, were disallowed and rejected by the Commissioner on a schedule signed August 14, 1931, on the ground that "It is held that your claim is invalid for the reason that it was filed subsequent to the expiration of the period prescribed by section 284 of the Revenue Act of 1926 (26 USCA §

1065 and note) and that the alleged informal claims in which you claim it perfects, cannot be recognized as proper claims."

■ Upon the foregoing facts, we are of opinion that the claim for refund filed by plaintiff on March 13, 1926, which was timely and was rejected by the Commissioner as to the five items set forth thereon, was sufficient. Plaintiff is therefore entitled to maintain this suit with respect to any of such items as may now be in controversy. Although the formal claim for refund filed March 13, 1926, did not detail these five items, they had been specifically claimed in documents theretofore filed and a refund asserted on account thereof, and they were made a part of a timely claim by reference.

■■ The demurrer must be sustained as to the items sued upon which were set forth in the second claim for refund filed April 25, 1929, for the reason that there were no documents theretofore filed with the Commissioner with respect to these items which were sufficient to constitute an informal or defective claim for refund which would authorize an amendment under Treasury Decision No. 4266, VIII-1 C. B. 111. The previous claim for refund had been disallowed and rejected and there was nothing left to amend. Sugar Land Railway Co. v. United States, 71 Ct. Cl. 628, 48 F.(2d) 973; Mutual Life Insurance Co., of New York v. United States, 72 Ct. Cl. 204, 49 F.(2d) 662. It may be, although the facts alleged are not very clear on the point, that at some of the conferences in Washington with the representatives of the Commissioner's office, plaintiff's representatives made some oral statements with reference to at least some of the items later set out in the second claim of April 25, 1929. But, in the circumstances of this case, we are unable to conclude that an informal claim for refund was thereby "filed" within the intendment of the statute and the regulations. Without deciding whether in any case an oral claim for refund or an oral amendment to a written claim might be recognized, cf. United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025, we may say that in order to be sufficient it must be more specific and definite than the alleged oral claims relied upon in this case. The petition will therefore be dismissed in so far as it is based upon items set forth in the claim for refund of April 25, 1929, and the demurrer will be overruled as to the five items of loss on sale of land, reserve for obsolescence, expense items capitalized, bonus on charter, and re-

serve for local taxes charged to expense. It is so ordered.

BOOTH, C. J., took no part in the decision of this case on account of illness.