544

## JOHNSON v. UNITED STATES.
### No. K–515.

Court of Claims.
June 5, 1933.

Edward H. Green, of New York City, and Lawrence A. Baker, of Washington, D. C., for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Henry Ravenel, of Washington, D. C., on the brief), for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff filed a motion for a new trial on the ground that the court erred in holding that he could not recover, for the reason that he did not include in his claim for refund the facts or a claim for a deduction from his distributive share of the net income of the partnership his pro rata share of the excess profits tax paid by the partnership for 1917.

It is not claimed that this matter was brought to the attention of the Commissioner of Internal Revenue in the claim of June 12, 1924, but it is insisted that the facts necessary to enable the Commissioner to have made this deduction were before him at the time of his final decision of the case because of a report of a revenue agent and the Commissioner's determination of the net income and tax liability of the partnership.

As shown in the findings and in the opinion heretofore rendered (1 F. Supp. 778), the first claim for refund of June 12, 1924, which was timely, did not bring the matter of the deduction from plaintiff's net income of his pro rata share of the excess profits tax of the partnership to the attention of the Commissioner, and no amendment to this claim was made before it was formally rejected by the Commissioner December 16, 1927. The claim thereafter filed on November 14, 1928, raising for the first time this question, was filed almost a year after the first claim had been rejected, and it cannot be treated as an amendment. Inasmuch as it was filed after the expiration of the time allowed for filing claims, it cannot form the basis for a suit. In Factors' & Finance Co. v. United States, 56 F.(2d) 902, 73 Ct. Cl. 707, affirmed 287 U. S. 582, 53 S. Ct. 16, 77 L. Ed. ——, Memphis Cotton Oil Co. v. United States, 59 F.(2d) 276, 75 Ct. Cl. 195, affirmed 287 U. S. 585, 53 S. Ct. 87, 77 L. Ed. ——, Bemis Brothers Bag Co. v. United States, 289 U. S. 28, 53 S. Ct. 454, 77 L. Ed. 1011, decided March 13, 1933, and Electric Power & Light Corp. v. United States, 1 F. Supp. 773, decided November 14, 1932, we held that a suit may not be maintained to recover an overpayment when the ground therefor was not included in a claim for refund made the basis of such suit, and that the fact that the Commissioner may have had in his possession facts other than those stated in the claim upon which he might have allowed an overpayment would not support a suit in this court.

In the case of Factors' & Finance Co. v. United States, supra, and Memphis Cotton Oil Co. v. United States, supra, the taxpayers amended their claim to raise the question relied upon in the suits before the original claims had been finally decided by the Commissioner, and in Bemis Brothers Bag Co. v. United States, supra, the taxpayer included in its claim the ground afterwards made the basis of the suit as an alternative claim which the Commissioner, in his decision, did not pass upon, and the matter was again brought to his attention in an amended and supplemental claim. These cases are not, therefore, authority for the position taken by the plaintiff in this case.

We find no error in the original decision dismissing the petition, and the motion for a new trial is overruled. It is so ordered.

BOOTH, Chief Justice, took no part in this case on account of illness.