**SUGAR LAND RY. CO. v. UNITED STATES.**
No. H–394.

Court of Claims.
April 6, 1931.

Newton K. Fox, of Washington, D. C. (Adrian C. Humphreys and Humphreys & Gwinn, all of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff's return for the calendar year 1918 was due under the statute March 15, 1919. Its return was filed June 15, 1919. The original return showed a tax of $9,740.19, which was paid in four installments throughout 1919. Later an additional assessment of $1,798.77 was paid July 8, 1921, and an additional tax of $368 shown on the amended return filed by plaintiff was paid February 9, 1922.

March 8 plaintiff filed a claim for refund which stated no basis or grounds for the alleged overpayment but contained the statement that it was filed to protect plaintiff against the statute of limitations. This claim was considered by the commissioner and denied and rejected April 16, 1924. This claim was filed within five years after the return for 1918 was due, as permitted by section 252 of the Revenue Act of 1921 (42 Stat. 268). It was rejected by the commissioner after the time for filing a claim for refund had expired. Thereafter, on June 6, 1924, plaintiff filed the claim for refund referred to in finding 4 for the same amount which had been specified in the earlier rejected claim. This claim gave as the ground and reason for the allowance thereof that plaintiff was entitled to have its profits tax computed under the provisions of section 328, special assessment provision, of the Revenue Act of 1918 (40 Stat. 1093). Subsequent to the filing of this claim, plaintiff duly filed an application for assessment of its profits tax under the special assessment provisions. The application for special assessment was allowed by the commissioner, as a result of which, on October 7, 1925, he determined that there had been an overpayment of $4,492.56 for 1918. The Comptroller General directed that payment of the overpayment allowed by the commissioner be withheld, and when he subsequently certified to the commissioner, in August, 1928, that there was no longer any reason to withhold payment, the Commissioner of Internal Revenue decided that since the claim for refund filed March 8, 1924, stated no grounds and had been considered and rejected upon the record before him, the claim filed by the plaintiff June 6, 1924, was governed by the provisions of section 281 (b) of the Revenue Act of 1924 (26 USCA § 1065 note) and of section 1012 of that act amending section 3228 of the Revised Statutes (26 USCA § 157), and such claim having been filed more than four years after a portion of the tax going to make up the total overpayment determined had been paid, only a portion of the overpayment could be refunded. Accordingly, the commissioner issued a new certificate of overassessment and refunded to the plaintiff only $2,166.77 of the total overpayment representing the amount of the last two payments above mentioned on July 8, 1921, and February 9, 1922, these two payments falling within a period of four years prior to the filing of the claim of June 6, 1924. The commissioner refused to refund the balance of the overpayment, amounting to $2,417.79, with interest.

This suit is to recover the above-mentioned amount, with interest on $2,189.31 from September 19, 1919, and on $228.48 from December 18, 1919, and the question is whether the plaintiff made and maintains this suit upon the claim for refund filed.

Plaintiff contends that the original claim

of March 8, 1924, was filed within five years after the return was due and, therefore, in time, and that it was enlarged by a "supplemental" claim for refund filed June 6, 1924, based upon special assessment, and under the provisions of section 281 (a) of the Revenue Act of 1924 (26 USCA § 1065 note), the commissioner allowed the claim on the ground of special assessment and determined an overpayment of $4,492.56.

On the other hand, the defendant contends that since the refund claim filed March 8, 1924, was rejected on April 16, 1924, which was prior to the enactment of the Revenue Act of 1924, the saving clause of section 281 (b) (f) of that act is not applicable; that the claim of June 6, 1924, must be considered an original claim subject to the four-year period of limitation provided by the Revenue Act of 1924.

■■ Unless the refund claim filed June 6, 1924, can be treated as a part of and an amendment of the first claim filed March 8, 1924, the plaintiff cannot maintain this suit, for the last-mentioned claim was filed after the expiration of the period for the filing of claims in respect of the overpayment in controversy. We are of opinion from the facts that the claim of June 6, 1924, was not an amendment or supplement to the claim of March 8, 1924. Although counsel in the stipulation of facts stipulate that "On June 6, 1924, the claimant filed a supplemental claim for refund of income and profits taxes paid for the year 1918 in the sum of $11,906.96, as follows," the fact is that the claim of March 8, 1924, was not in existence and could not be amended nor supplemented. It had been considered and rejected by the Commissioner of Internal Revenue, and it could not subsequently, after the statute of limitations had expired, be enlarged or supplemented so as to give the taxpayer any greater right than existed under an original claim filed at such time. The facts definitely establish that the claim of March 8, 1924, had been duly considered and rejected by the Commissioner of Internal Revenue before the claim of June 6, 1924, was filed. We, therefore, decline to follow the stipulation and to find as a fact that the last-mentioned claim was supplemental to the first. (See Finding 4.) The claim for refund of June 6, 1924, was therefore an original claim and subject to the limitation provisions of the Revenue Act of 1924, approved June 2, 1924. Cf. Altman & Co. v. United States, 40 F.(2d) 781, 69 Ct. Cl. 721.

■ We need not here consider whether the Commissioner of Internal Revenue, having considered a timely claim for refund and duly rejected it after the expiration of the statute of limitation for filing a claim, might legally reconsider his action and vacate his decision rejecting the claim so as legally to permit an amendment or supplement to such claim. There are no facts in the record to show that the commissioner ever reconsidered or vacated his decision of April 16, 1924, denying and rejecting the claim for refund theretofore filed by the plaintiff March 8, 1924. The claim of June 6, 1924, was governed by the provisions of section 281 (b) of the Revenue Act of 1924 (26 USCA § 1065 note). The commissioner correctly declined to make a refund to the plaintiff of that portion of the overpayment of tax which had been paid more than four years prior to the filing of the refund claim of June 6, 1924.

The petition must be dismissed, and it is so ordered.