## NEW ENGLAND MUT. LIFE INS. CO. v. UNITED STATES.

### No. K–420.

Court of Claims.
Oct. 20, 1931.

Guy Patten, of Washington, D. C. (A. R. Serven and John W. Smith, both of Washington, D. C., on the brief), for plaintiff.

Lisle A. Smith and Edward H. Horton, both of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

On Demurrer.

LITTLETON, Judge.

In this suit, plaintiff seeks to recover $211,618.91, together with interest, on account of overpayments of income tax for 1921, 1922, and 1923, on the ground that the Commissioner of Internal Revenue in computing the income for said years reduced the deduction from gross income of 4 per cent. of the mean of its reserve funds required by law to be held at the beginning and end of the taxable year by the amount of interest received by it during the year on tax-exempt securities. The amount of such exempt interest was $1,020,519.09 for 1921, $1,108,776.19 for 1922, and $1,126,317.13 for 1923.

This resulted in the overpayment of $64,-049.48 for 1921, $113,772.46 for 1922, none of which has been refunded or credited, and $135,183.97 for 1923, of which $101,387 has been refunded, and $33,796.97 has not been refunded or credited. The question is whether the plaintiff filed sufficient and timely claims for refund.

The plaintiff, a mutual life insurance company, was organized under the laws of the commonwealth of Massachusetts. It filed returns for the taxable years in question, and paid a total tax of $74,046.25 for 1921 in four installments during 1922, a tax of $113,-772.46 for 1922 in four installments during 1923, and a tax of $135,183.97 for 1923 in four installments during 1924. April 3, 1923, it filed a claim for refund of $10,000 for 1921 on account of an alleged error in computation of its gross income, which claim was allowed by the Commissioner of Internal Revenue for $9,996.77 and applied as a credit on plaintiff's tax for the calendar year 1924, leaving a balance of $64,049.48 herein sought to be recovered for 1921. Thereafter, on January 28, 1926, plaintiff filed claims for refund for the calendar years 1921, 1922, and 1923, each upon the specific ground that it was entitled to the allowance of certain so-called "additional reserve funds required by law," and in these claims sought the refund of the full amount of all taxes assessed and paid for the three years mentioned, except the amount of $9,996.77 theretofore allowed as an overpayment and credited. Each of these refund claims contains the statement that "3. Claimant also asks for the refund of all taxes that may now, or hereafter, be properly refundable to it on account of having been illegally, erroneously, or in any manner wrongfully collected from it for the years 1921, 1922, 1923."

The Commissioner of Internal Revenue considered these claims for refund, and on July 6, 1926, notified the plaintiff, in writing, that the claim for refund filed January 28, 1926, for 1921 would be rejected, and that said rejection would appear in the next schedule to be approved by him, and on August 23, 1926, and May 26, 1927, gave similar notices as to the claims for refund filed January 28, 1926, for the calendar years 1922 and 1923. The Commissioner gave plaintiff no further written notice of his rejection of the claims. Subsequent to the decision of the Supreme Court in National Life Insurance Co. v. United States, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968, plaintiff on June 12, 1928, filed further claims for refund for 1921, 1922, and 1923, respectively, based on said decision claiming refund on the ground that 4 per cent. of the mean of its reserve funds should not be reduced by the amount of tax-exempt interest. This ground for refund was presented to the Commissioner for the first time in these claims of June 12, 1928. The claims for 1921 and 1922, filed June 12, 1928, each contain the statement that "(*) This claim is supplemental to the original claim filed January 27, 1926. * * * " The last-mentioned claims for refund for 1921 and 1922 were rejected by the Commissioner January 11, 1929, and on November 7, 1928, the Commissioner notified the plaintiff that its claim for refund of $135,183.97 for 1923 would be allowed for $101,387 and rejected for $33,796.97. The amount for which this claim was allowed was refunded to plaintiff February 25, 1929. The commissioner rejected the claims for 1921 and 1922, filed June 12, 1928, for the reason that the grounds thereof had not been set forth in a timely claim, and that these claims were filed after the expiration of the statute of limitation.

As to the claim for 1923, the Commissioner refunded the amount of the tax paid within the period of limitation prior to the filing of the claim.

Plaintiff's position is that the claims for refund for 1921, 1922, and 1923, filed January 28, 1926, within four years after the payment of taxes, were sufficient to entitle it to a refund of all taxes paid for those years under the decision of the National Life Insurance Co. v. United States, supra, in that it asks for the refund "of all taxes that may now, or hereafter, be properly refundable to it on account of having been illegally, erroneously, or in any manner wrongfully collected from it for the years 1921, 1922, 1923." It further argues that the Commissioner of Internal Revenue never disallowed the claims for refund of January 28, 1926, until he acted upon the claims filed June 12, 1928, in that the letters of July 6 and August 23, 1926 and May 26, 1927, did not constitute a notice of disallowance of claims, and that no notice of such disallowance was given within ninety days, as required by section 3226 of the Revised Statutes, as amended by section 1014 (a) of the Revenue Act of 1924 (26 USCA § 156); that the rejection of the claims filed occurred on November 7, 1928, and January 11, 1929, and that this suit was therefore instituted within the time allowed by law. Finally plaintiff contends that if the notices mailed by the Commissioner in

July and August, 1926, and May, 1927, with respect to the claims filed January 28, 1926, constituted his decision disallowing them, this suit was, nevertheless, instituted in time under paragraph 20 of section 24 of the Judicial Code, as amended, re-enacted by section 1122 (c) of the Revenue Act of 1926, 43 Stat. 972, 28 USCA § 41(20), giving the District Courts concurrent jurisdiction with the Court of Claims against the United States in excess of $10,000 for taxes illegally collected, if the collector by whom such tax was collected was dead or was not in office at the time such suit or proceeding was commenced, and providing that no suit against the government should be allowed under this paragraph unless brought within six years after the right accrued for which the claim was made.

The defendant demurs to the petition on the ground, first, that it fails to state facts which constitute a cause of action; and, secondly, that it fails to state facts which constitute a cause of action within the jurisdiction of this court.

■ We are of the opinion that the demurrer is well taken and must be sustained. The claims for refund filed January 28, 1926, did not present the claim which forms the basis for this suit. The general allegation in these claims that all taxes erroneously collected should be refunded is not a sufficient claim to constitute a basis for this suit. United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025, Mutual Life Insurance Co. of New York v. United States, 49 F.(2d) 662, decided by this court May 4, 1931. These claims were rejected by the Commissioner July 6 and August 23, 1926, and May 26, 1927, respectively, and the notices mailed to the plaintiff constituted a disallowance thereof. Daily Pantagraph, Inc., v. United States, 37 F.(2d) 783, 68 Ct. Cl. 251. Connell v. Hopkins (D. C.) 43 F. (2d) 773. Compare United States v. Michel, 282 U. S. 656, 51 S. Ct. 284, 75 L. Ed. 598.

■ The second claims for refund filed June 12, 1928, were not supplemental to the earlier claims, in that they stated new and different grounds, and were filed after the claims of June 26, 1926, had been disallowed. Sugar Land Railway Co. v. United States, 48 F. (2d) 973, decided by this court April 6, 1931. Mutual Life Insurance Co. of New York v. United States, supra. Furthermore, this suit was not instituted until September 11, 1929.

■ There is no merit in the contention of the plaintiff that this suit was timely under section 24, paragraph 20 (title 28, chap. 2, § 41), U. S. Code, pp. 867, 868 (28 USCA § 41(20). That provision relates solely to the jurisdiction of District Courts of the United States and in terms applies to the jurisdiction of the District Courts which, in suits against the United States, is made concurrent with that of the Court of Claims in certain cases, wherein the collector by whom the tax was collected was dead or was out of office at the time the suit was commenced. The jurisdiction of this court in cases of this character is in no wise dependent upon the provisions of section 24, paragraph 20, Judicial Code, as amended.

The demurrer is sustained, and the petition is dismissed. It is so ordered.

BOOTH, Chief Justice, and WHALEY, WILLIAMS, and GREEN, Judges, concur.