## SOLOMON v. UNITED STATES.

### No. 254.

Circuit Court of Appeals, Second Circuit.
April 4, 1932.

See, also, 44 F.(2d) 238.

John F. Hughes, of New York City, for plaintiff-appellant.

George Z. Medalie, U. S. Atty., of New York City (Murray I. Gurfein, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

During 1919, the plaintiff was a salesman employed by a corporation called the Hahlo Company under a contract in writing which provided for the payment of $25,000 to him as a salary plus 10 per cent. of the net profits of the company for that year as additional compensation. After defining the term "net profits" for the purposes of the contract, it was further agreed that: "(a) The additional compensation may be adjusted in accordance with later adjustments of the net income for the year ended December 31, 1919, as finally adjusted by the Treasury Department of the United States."

The plaintiff filed his return upon an accrual basis and paid the tax upon his income computed in that way. The tax upon the part of his income so computed and derived from his so-called additional compensation is here involved.

His return was filed on March 15, 1920. His tax was paid in four installments during 1920. On March 6, 1925, a waiver was filed which extended the time for making a claim for refund to March 6, 1926. On December 29, 1925, the Hahlo Company filed its claim for refund of taxes for 1919 and as a result its claim was subsequently allowed on November 26, 1928, on the basis of a reduction of its net income from $736,004.81 to $609,446.70. On December 31, 1925, the plaintiff filed a claim for refund and assigned as the ground of his claim the following: "Profits were credited to the claimant on basis of erroneous profits ascribed to Hahlo Co. for the calendar year 1919. Brief will follow." No brief did follow, and the plaintiff was notified on May 26, 1926, that, "as no brief has been received and no information has been furnished to substantiate your statement, your claim will be rejected." The rejection appeared on the next schedule approved by the Commissioner. Thereafter nothing was done about it by the plaintiff until April 20, 1928, when he filed an application to reopen his claim for refund and then for the first time presented the facts concerning his contract of employment and the agreement about adjustment of net profits on which his claim was based. His application was refused on May 25, 1928, and this suit was brought the next day.

Although it does not appear that the 1919 income of this plaintiff as disclosed in his return filed was ever in fact adjusted on the basis of any reduction in the net profits of the Hahlo Company and the contrary is indicated by the fact that he was .paid the full amount in preferred stock of the company when it was reorganized in 1923, we think it is unnecessary to put anything upon that.

Before we can look to the merits, it is necessary to determine whether any claim has been filed which can be treated as a compliance with the statute (26 USCA § 156) and the regulations promulgated thereunder. Article 1306 of Reg. 65 required that all facts relied upon in support of a claim should be clearly set forth under oath. Here the only basis of the claim stated was "profits erroneously ascribed to the Hahlo Company for the calendar year 1919." Such a claim was insufficient. United States v. Felt & Tarrant Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025.

This being so, it was necessary, as the plaintiff apparently recognized, to amend the claim before bringing suit. He tried to do this by means of the application to reopen above noted. The application was denied, and so the previous rejection of the claim stood unchanged in every respect. See, however, McKesson & Robbins, Inc., v. Edwards (C. C. A.) 57 F.(2d) 147. The real question before us is whether the claimant has been deprived, by the refusal to reopen, of any right to amend after his claim had been rejected and the period for filing an original claim for refund had expired. The Court of Claims has several times held a claim for refund cannot be amended after rejection but must be treated as a new claim which falls afoul the time limit of the statute if the time for filing has run. Mutual Life Ins. Co. of New York v. United States (Ct. Cl.) 49 F.(2d) 662, 664; Sugar Land Ry. Co. v. United States (Ct. Cl.) 48 F.(2d) 973, 976; New England Mutual Life Ins. Co. v. United States (Ct. Cl.) 52 F.(2d) 1006. We agree that the Commissioner need not accept amendments after rejection, as will be noticed

from what is said in McKesson & Robbins, Inc., v. Edwards, supra. It seems that endless attempts to claim refunds would result if rejection had no effect upon the amendment of claims, and the limitation of the statute would be of no practical effect. With all the freedom of amendment modern conceptions of just procedure permit, there can be no right to amend after the claim has been denied. Then the claimant, unless he still has time to file a new claim within the statutory period or the Commissioner sees fit to reconsider, must seek relief elsewhere on the basis of his claim as it was when rejected.

Judgment affirmed.