## ELBEE CHOCOLATE CO. v. UNITED STATES.*
### No. 306.

Circuit Court of Appeals, Second Circuit.
March 13, 1933.

*For opinion denying rehearing, see 64 F.(2d) 117.

Benjamin Mahler, of New York City, and Irving Levinson, of Brooklyn, N. Y., for appellant.

Howard W. Ameli, U. S. Atty., and Herbert H. Kellogg and Albert D. Smith, Asst. U. S. Attys., all of Brooklyn, N. Y. (C. M. Charest, General Counsel, Bureau of Internal Revenue and E. E. Angevine, Attorney, Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

The facts upon which this appeal arises are as follows: During a part of the year 1918, three companies, the Elbee Chocolate Company, Levine Brothers, and the Sterling Chocolate Company, were affiliated within the meaning of section 240 (a) of the Revenue Act of that year (40 Stat. 1081). In the summer of 1919 they filed a consolidated return of their joint income for so much of 1918 as they were affiliated and for the first two months of 1919. They paid the last installment of the tax so returned in September, 1920, and gave waivers for reassessment which extended the Commissioner's power till January, 1926. In December, 1922, all three companies filed a joint claim for refund, which they amended in March, 1924.

This was based upon errors not relevant here, except that they did not include any item for the obsolescence of machinery. In April, 1924, and May, 1925, the Commissioner advised Levine Brothers that this claim would be rejected and followed the advice by a "deficiency letter," addressed to that company in July, 1925, by which he assessed all three for about $2,000 in addition to what they had paid. In his calculation he struck from the return all income for 1919, and recomputed the income for 1918. This "deficiency letter" was a rejection of the claim, for it was intended as final action in accordance with the earlier advices, which had expressly disallowed it. But, as we have said, it was addressed only to Levine Brothers. That company took a separate appeal to the Board of Tax Appeals from the deficiency assessment, by petition filed in September, 1925, upon which the board reversed the Commissioner, expunged the deficiency, and, under section 284 (e) of the Revenue Act of 1926 (26 USCA § 1065 and note) found that a refund was due, not only for the items contained in the rejected claim, but for the obsolescence of machinery, an item which Levine Brothers had introduced into its petition by amendment. Upon this in 1928 the Commissioner repaid to the petitioner so much of the refund directed by the Board as the rejected claim covered, but refused any allowance for obsolescence. His ground was that there had been no claim filed for that, and that the statute had run against it. Thereupon the petitioner later in that year attempted to amend the original claim by inserting this item, and the Commissioner again rejected it. This suit followed to recover the item as fixed by the Board; the court dismissed the petition.

The petitioner has based its case upon the theory that the petition of Levine Brothers and its amendment, was an amendment of its claim of 1922. If so, the deficiency letter, though addressed only to Levine Brothers, was a rejection of that claim. No amendment could be made thereafter unless the time to file an original claim had not expired. U. S. v. Memphis Oil Co., 287 U. S. ——, 53 S. Ct. 278, 77 L. Ed. ——; McKesson & Robbins v. Edwards, 57 F.(2d) 147 (C. C. A. 2); Solomon v. U. S., 57 F.(2d) 150 (C. C. A. 2); New England Mut. L. Ins. Co. v. U. S., 52 F. (2d) 1006 (Ct. Cl.) The time to file a claim for the refund of 1918 taxes expired four years after the last payment. Section 281 (b) of the Revenue Act of 1924 (26 USCA § 1065 note), and section 284 (b) of the Revenue

Act of 1926 (26 USCA § 1065 (b). As the last payment was in September, 1920, the time had passed. In case the taxpayer had given a waiver, this time was extended to April 1, 1925, by section 284 (g), of the Revenue Act of 1926 (26 USCA § 1065 (g), but that date had also passed. The petition of Levine Brothers to the Board became independently a good basis for a claim for refund by virtue of section 284 (e) of the Revenue Act of 1926, but only in case it had been filed before April 1, 1925, as it was not. Thus the petitioner must lose, if the deficiency letter of July, 1925, was a rejection of its claim.

If on the other hand we take the law to be that in the case of affiliates there must be a separate rejection as to each, the deficiency letter, addressed to Levine Brothers, was not a rejection of the petitioner's claim of 1922. But if so, the Commissioner in April, 1928, sent a notice to the petitioner allowing its refund from which was excluded the item of obsolescence. This was his final action, and pro tanto a rejection, before the petitioner had done anything looking to an amendment of its claim. The petitioner must adopt one theory or the other; either the petition of Levine Brothers was an amendment of the claim, or it was not. If it was, the claim had been already rejected in July, 1925, and September, 1925, was too late to amend it by petition to the Board or to serve as an independent claim; if it was not, the claim was not amended before it was finally adjusted in 1928.

R. S. § 3226 (26 USCA § 156), does not affect the result. It requires as a condition precedent to a suit that a claim shall be "duly filed." The purpose was to give the Commissioner an opportunity to avoid litigation by allowing the claim. U. S. v. Memphis Oil Co., supra, 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. ——. "Duly" includes "seasonably," else the absurd result emerges that the claimant is obliged to file a claim on which the Commissioner may not have power to act. After filing, the taxpayer must wait six months for the Commissioner's action; if the Commissioner fails to act, he may then sue, but it must be within five years of payment. However, if the Commissioner does act, the taxpayer has two years, and we may assume arguendo that the suit may be begun more than five years after payment. But he may not so extend his time by filing a claim after the appropriate statute has run against it, and suing within two years after its dis-

allowance. It is not to be supposed that Congress, when limiting with such labyrinthine provisions the time within which money may be refunded, intended to offer so easy an escape by means of an action at law. Once the claim is itself outlawed, the right of action is gone; a bad claim filed with the Commissioner will not serve to support a suit.

Judgment affirmed.