## PEOPLES v. UNITED STATES.
### No. K—477.

Court of Claims.
May 29, 1933.

Raymond F. Garrity, of Washington, D. C. (Leon F. Cooper, R. E. Glessner, and F. J. Neuland, all of Washington, D. C., on the brief), for plaintiff.

Lisle A. Smith and W. W. Scott, both of Washington, D. C., for the United States.

Before LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

The facts in this case disclose that the claim filed December 12, 1922, was disallowed and rejected in its entirety by the Commissioner May 19, 1925, and that no formal claim for refund was filed within five years after the return for 1921 was due. The claim of April 23, 1929, was filed after the expiration of the statute of limitation for filing claims and, inasmuch as Treasury Decision 4235 was not complied with by the filing of an application with the Commissioner to reopen and reconsider the earlier claim on or before January 31, 1929, this suit to recover the overpayment for 1921 cannot be maintained. Sugar Land Railway Co. v. United States, 48 F.(2d) 973, 71 Ct. Cl. 628.

Plaintiff contends that the claim of December 12, 1922, in addition to being a claim for abatement, was also an informal claim for refund and that the action of the Commissioner of May 19, 1925, was a disallowance of only the claim for abatement of $19,-399.17, that he did not reject the refund feature of the claim, and that the perfected claim filed April 23, 1929, was timely. We cannot sustain this position. The schedule of May 19, 1925, disallowed the claim in its entirety and shortly thereafter the Commissioner assessed an additional tax of $2,033.59, which, together with the unpaid portion of the original assessment of $19,399.17, he sought to collect from the estate of Andrew Peoples, as transferee, under section 280 of the Revenue Act of 1926.

In our opinion this suit was barred by the statute of limitation at the time it was instituted, and the petition must be dismissed. It is so ordered.

BOOTH, C. J., did not hear this case on account of illness and took no part in its decision.