## AMERICAN BOSCH MAGNETO CORPO-
## RATION v. UNITED STATES
(two cases).
Nos. H—516, H—517.

Court of Claims.
April 2, 1934.

Merrill G. Hastings, of Boston, Mass., for plaintiff.

James A. Cosgrove, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (Elizabeth B. Davis, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff in these cases seeks recovery of excise taxes paid on the sales of electrical appliances and equipment, and parts therefor, including magnetos, magneto fittings, coils, switches, impulse couplings, horns, etc., all of which were manufactured by it and were in some degree suitable for use, and used, on automobiles.

The taxes involved were assessed and collected under the provisions of section 900 (3) of the Revenue Acts of 1918 and 1921 (40 Stat. 1122, 42 Stat. 291), and section 600 (3) of the Revenue Act of 1924 (26 US CA § 881 note). The sales were made, and the taxes were paid, during the period from March, 1919, to March, 1926. The first case (H—516) covers the sales for the period January, 1922, to March, 1926, the amount involved for the period, less refunds heretofore made, being $114,182.05, and the second case (H—517) covers the period March, 1919, to December 31, 1921, the amount involved, less refunds heretofore made, being $71,239.62.

With the exception of the periods involved, the status of the claims for refund, their rejections, etc., the material facts of the two cases are identical. The two cases therefore will be disposed of in one opinion.

It is conceded on behalf of the defendant that the articles sold were not parts or accessories of automobiles within the meaning of the statutes under which the taxes were assessed and collected. The taxes were therefore erroneously assessed and collected, and the plaintiff is entitled to recover if the statutory requirements for the institution and maintenance of its suits have been met.

The plaintiff in neither of the cases has made a showing that it bore the economic burden of the tax. The defendant makes the point that because of this failure the plaintiff is precluded from recovery by the provisions of section 424 (a) (1, 2, 3) of the Revenue Act of 1928, 45 Stat. 791, 866 (26 USCA § 2424 (1, 2, 3), which reads:

"Sec. 424. *Refund of Automobile Accessories Tax.*

"(a) No refund shall be made of any amount paid by or collected from any manufacturer, producer, or importer in respect of the tax imposed by subdivision (3) of section 600 of the Revenue Act of 1924, or subdivision (3) of section 900 of the Revenue Act of 1921 or of the Revenue Act of 1918, unless either—

"(1) Pursuant to a judgment of a court in an action duly begun prior to April 30, 1928; or

"(2) It is established to the satisfaction of the Commissioner that such amount was in excess of the amount properly payable upon the sale or lease of an article subject to tax, or that such amount was not collected, directly or indirectly, from the purchaser or lessee, or that such amount, although collected from the purchaser or lessee, was returned to him; or

"(3) The Commissioner certifies to the proper disbursing officer that such manufacturer, producer, or importer has filed with the Commissioner, under regulations prescribed by the Commissioner with the approval of the Secretary, a bond in such sum and with such sureties as the Commissioner deems necessary, conditioned upon the immediate repayment to the United States of such portion of the amount refunded as is not distributed by such manufacturer, producer, or importer, within six months after the date of the payment of the refund, to the persons who purchased for purposes of consumption (whether from such manufacturer, producer, importer, or from any other person) the articles in respect of which the refund is made, as evidenced by the affidavits (in such form and containing such statements as the Commissioner may prescribe) of such purchasers, and that such bond, in the case of a claim allowed after February 28, 1927, was filed before the allowance of the claim by the Commissioner."

The foregoing section is a limitation on the refund of excise sales taxes collected under the revenue acts named. Subdivision (a) prohibits all refunds unless either (a) (1) pursuant to a judgment of a court in an action brought before April 30, 1928, or (a) (2) where it is shown the taxpayer alone, and not his customers, bore the burden of the tax, or (a) (3) where bond is given by the claimant to use the refund in the reimbursement of his customers and to repay any sum not so distributed to the United States. There is no conflict between any of the provisions of this section. It is the duty of the court to so construe it, if possible, that no clause, sentence, or word shall be superfluous, void, or insignificant, Montclair Twp. v. Ramsdell, 107 U. S. 147, 2 S. Ct. 391, 27 L. Ed. 431, giving to all words used in the section their proper signification and effect, United States v. Lexington Mill & Elevator Co., 232 U. S. 399, 34 S. Ct. 337, 58 L. Ed. 658, L. R. A. 1915B, 774, and presuming that the Congress has used no superfluous words.

Platt v. Union Pacific Railroad Co., 99 U. S. 48, 25 L. Ed. 424. Some meaning therefore must be given to the provision (a) (1) "pursuant to a judgment of a court in an action duly begun prior to April 30, 1928." If claimants for refund of excise sales taxes are subject to the restrictions imposed in subdivision (a) (2) or subdivision (a) (3) without regard to the date on which suit is instituted, subdivision (a) (1) becomes meaningless and is entirely superfluous. The court will not presume Congress has incorporated a superfluous or meaningless provision in the statute. Subdivision (a) (1) is therefore construed to mean what its plain words import, that in suits brought prior to April 30, 1928, claimants are not required to show, as a condition precedent to recovery, that they bore the burden of the tax as in subdivision (a) (2) or that they have given bond as required in subdivision (a) (3). These subdivisions have application and are restrictive of a claimant's right to recover only in suits instituted subsequent to April 30, 1928.

We think the view we have expressed as to the construction to be placed on subdivision (a) (1) of section 424 of the act (26 USCA § 2424 (1), was in effect announced by the Supreme Court in United States v. Jefferson Electric Mfg. Co., 54 S. Ct. 443, 448, 78 L. Ed. ——, decided February 12, 1934. The court in that case, where suit was brought subsequent to April 30, 1928, upheld the validity of subdivision (a) (2) of section 424 of the 1928 act (26 USCA § 2424 (2), and overruled the taxpayer's contention that the restriction imposed by subdivision (a) (2) of the section was in contravention of the due process clause of the Fifth Amendment in that it strikes down rights accrued theretofore and still subsisting, but not sued on prior to April 30, 1928. In discussing the constitutional question the court said:

" * * * It must be conceded also that section 424 applies to rights accrued theretofore and still subsisting, but not sued on prior to April 30, 1928, and subjects them to the restriction that the taxpayer (a) must show that he alone has borne the burden of the tax, or (b), if he has shifted the burden to the purchasers, must give a bond promptly to use the refunded sum in reimbursing them."

It is clear the court regarded the taxpayer's contention in respect to subdivision (a) (2) pertinent only because suit was instituted subsequent to April 30, 1928. This amounts to a direct holding that if the suit had been brought prior to that date, the restrictions imposed in subdivisions (a) (2) and (a) (3) would not have been applicable, and would have imposed no limitation on the taxpayer's right to recover. The remarks of the court were highly pertinent to the taxpayer's contention in respect to subdivision (a) (2) and (a) (3), and, while the direct question was not before the court as to whether the restrictions of these subdivisions were applicable to suits brought before April 30, 1928, we think the decision that they were applicable and operative in that case because suit was brought subsequent to April 30, 1928, definitely limits the scope and applicability of these subdivisions to that class of suits.

We, therefore, hold that the plaintiff, having brought its suits prior to April 30, 1928, is not required to show that it bore the burden of the tax.

We now come to a consideration of the facts particularly applicable to the respective suits.

### No. H—516

The period covered by the petition in this case is January, 1922, to March, 1926. On August 2, 1926, the plaintiff filed a claim for refund of the entire amount of taxes paid during the period in the amount of $161,344.53. The claim was rejected by the Commissioner on October 7, 1927. The taxes paid by the plaintiff during the four-year period immediately preceding the filing of the claim for refund, less adjustments and refunds heretofore made, amount to $114,182.05. The plaintiff is entitled to recover this amount, together with interest thereon computed in accordance with the applicable provisions of law.

### No. H—517

The plaintiff, on April 27, 1923, filed a claim for refund in respect to taxes paid on certain sales from January 1, 1920, to August 1, 1921, in the amount of $195.90. This claim was rejected by the Commissioner of Internal Revenue on September 5, 1924, for lack of evidence.

On June 11, 1925, plaintiff filed a second claim for refund in the amount of $78,243, covering the period from March 1, 1919, to December 31, 1921, across the face of which was written the words "corrected claim no. 299652," that being the number of the claim theretofore filed on April 27, 1923. With this claim the plaintiff transmitted a letter protesting the action of the Commissioner in rejecting the refund claim of April 27, 1923, and requesting its reconsideration, together

with a demand for refund of the amount claimed in "corrected claim no. 299652." The claim of June 11, 1925, was rejected for lack of evidence on September 28, 1927.

The refund claim of June 11, 1925, although designated by plaintiff as "corrected claim no. 299652," did not operate to correct or amend the claim of April 27, 1923, as that claim had already been considered and rejected by the Commissioner, and the statutory period of limitations prescribed in section 3228 of the Revised Statutes for filing claim for refund had expired except as to the small portion of the taxes paid subsequent to June 11, 1921. See Sugar Land Railway Co. v. United States, 48 F.(2d) 973, 71 Ct. Cl. 628.

United States v. Memphis Cotton Oil Co., 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. 619, and United States v. Factors & Finance Co., 288 U. S. 89, 53 S. Ct. 287, 77 L. Ed. 633, cited by plaintiff as holding that a claim for refund may be amended and corrected by a subsequent claim, filed after the running of the statute, are not in point, as the amendatory claim in each of those cases was filed before the Commissioner had acted on the former claim. The law is so well settled that a claim for refund may not be amended after its disallowance and the expiration of the statutory period for filing claims that citation of authorities in support of the rule is unnecessary. The Commissioner of Internal Revenue properly treated the claim of June 11, 1925, as a distinct claim. It was a timely claim for all payments made subsequent to June 11, 1921, which, less refunds heretofore made, amount to $7,901.68.

Suit was instituted on December 1, 1927, more than five years after the payment of the taxes involved, and more than two years after the rejection by the Commissioner of the claim of April 27, 1923. Action upon this claim was therefore barred by the provisions of section 3226 of the Revised Statutes at the time the suit was brought. The plaintiff contends, however, that subsequent to the rejection of the claim, on September 5, 1924, the Commissioner of Internal Revenue reopened the case and reconsidered the claim upon its merits, and, after such reconsideration, made his final decision thereon within the two-year period preceding December 1, 1927. If the Commissioner did this, the statute of limitations on plaintiff's right to institute suit runs from the date on which he made his final decision on the claim, after

reconsideration, and not from the date of the original rejection of the claim. McKesson & Robbins, Inc., v. Edwards (C. C. A.) 57 F.(2d) 147; Mobile Drug Co. v. United States (D. C.) 39 F.(2d) 940; Wm. E. Jones et al. v. United States, 5 F. Supp. 146, 78 Ct. Cl. ——; American Safety Razor Corp. v. United States, 6 F. Supp. 293, decided by this court March 5, 1934.

The question as to what action on the part of the Commissioner of Internal Revenue constitutes a reopening of a case and a reconsideration of a claim on its merits has been before this court in a number of cases recently. Ford Motor Co. v. United States (Ct. Cl.) 3 F. Supp. 423; Ervine & Co. v. United States (Ct. Cl.) 3 F. Supp. 334;[1] Wm. E. Jones et al. v. United States, supra; American Safety Razor Corp. v. United States, supra. What constitutes such action is a question of fact to be determined from the particular facts and circumstances surrounding the case. While no hard and fast rule can be laid down which would govern and be applicable in all instances, and each case must be considered on its own peculiar facts, certain general principles applicable to all cases are, we think, quite well established by the decisions. For instance it is settled that the filing by a taxpayer of an application for reconsideration of a claim, even when accompanied with supporting affidavit and data, does not operate to reopen a closed case. It is also settled that the action of the Commissioner in assembling and reviewing the files of a case to determine whether there may be a sufficient basis for the taxpayer's request does not constitute a reopening of the case and a reconsideration of the claim. Nor does the fact that he answers letters from the taxpayer or extends to him the courtesy of an examination of the files mean that he has entered upon a reconsideration of the claim. What is done in respect to the assembling and review of the files of the case, and what is said in letters written by the Commissioner during his consideration of a request for the reopening of a case, may be evidentiary facts to be taken into consideration in arriving at a conclusion as to whether he reopened the case and reconsidered the claim, but they are not conclusive as to such action. These acts may well be preliminary and necessary to the Commissioner's decision as to whether the matters and things set forth in a taxpayer's application warrant a reconsideration of the claim. It must appear from all the facts

---

[1] New trial granted in Ervine Case on another question.

shown that the Commissioner has in fact re-opened the case and reconsidered the claim on its merits, Ford Motor Company v. United States, supra, and the reconsideration of a refund claim on the merits constitutes a reopening of the case, Wm. E. Jones et al. v. United States, supra, so as to hold in abeyance the running of the statute of limitations until the Commissioner makes his final decision on the claim. And it is immaterial whether the Commissioner's final decision results in a change or in the affirmance of his former decision. It is sufficient if the decision is based on the merits of the claim.

 The facts do not support the contention that the Commissioner reconsidered the plaintiff's claim on the merits. Consequently the case was not reopened and the disallowance of the earlier claim on September 5, 1924, stands as the Commissioner's final decision on that claim. The formal application for reopening and reconsideration, with supporting affidavit and data was made on December 4, 1925. On February 5, 1926, the Commissioner acknowledged receipt of the application and evidence and requested the plaintiff to furnish specific information as to certain items, stating "it is requested that you advise this office as to just what each of the above listed items covers. It is also requested that you give the sales price and amount of tax in each instance where it is not given above." Although the plaintiff acknowledged receipt of this letter on February 15, 1926, it did not furnish nor attempt to furnish the additional information requested by the Commissioner. Failing to receive the information requested, the Commissioner, on March 3, 1926, wrote plaintiff stating:

"The statements contained in your letter have been carefully noted. No additional information has been submitted in support of your claim, and you are requested to advise this office if you intend to submit the evidence which was requested in office letter of February 5, 1926.

"If you desire to prosecute the matter further, you should also furnish a sworn statement to the effect that, if the tax involved was collected from your customers, these amounts have been returned to the customers making such overpayments, or that any tax which might be refunded will be returned by you, upon proper application to the person from whom it was collected.

"Unless and until the evidence requested herein and in office letter dated February 5, 1926, is submitted the case will necessarily be considered closed on the records of this office."

The plaintiff made no response to this letter and the Commissioner took no further action on the application to reopen the case. This letter was a plain denial by the Commissioner of the application for reopening unless or until the evidence requested was submitted. The evidence requested was not submitted, consequently the case was not reopened and reconsidered.

 It is suggested that the evidence requested by the Commissioner in addition to that furnished by the plaintiff in its formal application was immaterial and could not rightfully be demanded of it, especially the furnishing of a sworn statement to the effect that if the tax involved had been collected from plaintiff's customers, the amounts had been returned to the customers, or that any tax which might be refunded would be returned by plaintiff to the person from whom it was collected. It was not for the plaintiff to determine whether the evidence required by the Commissioner was material to his decision as to whether he would reopen the case and reconsider the claim. Whether the case should be reopened was a matter wholly within the discretion of the Commissioner. He had the authority to reopen the case, but the plaintiff could not require him to do so as a matter of right. As an incident to the exercise of his discretionary authority, he requested the plaintiff to furnish certain specific information. Whether the information requested was material or immaterial is beside the point. We certainly cannot enter into an inquiry either as to the sufficiency of the evidence furnished by the plaintiff in support of its application or the materiality of the additional evidence demanded by the Commissioner. The court is only concerned with what the Commissioner did in respect to the plaintiff's application for a reopening, not why he did it, or whether upon the evidence before him he should have acted otherwise. We cannot review the action of the Commissioner in denying the application for reconsideration.

Since the claim of April 27, 1923, was not reconsidered by the Commissioner, it is unnecessary to consider to what extent and in what respect, if any, the so-called "corrected claim" of June 11, 1925, would have operated to amend it had the case been reopened.

The plaintiff under the refund claim of June 11, 1925, is entitled to recover the payments made subsequent to June 11, 1921. These payments to December 31, 1921, less

refunds heretofore made, amount to $7,901.-68. The statute of limitations bars recovery of the balance of the payments made during the period March 1, 1919, to December 31, 1921, inclusive, amounting to $63,337.94.

Judgment in the sum of $7,901.68 with interest as provided by law is awarded. It is so ordered.