SUN-HERALD CORPORATION v.
DUGGAN, Collector of Internal
Revenue.

District Court, S. D. New York.
May 25, 1936.

de Forest, Cullom & Elder, of New York City, for plaintiff.

Lamar Hardy (by Clarence W. Roberts), both of New York City, for defendant.

BONDY, District Judge.

This is a motion to dismiss the third amended complaint in an action brought to recover income taxes alleged to have been unlawfully exacted and collected from the plaintiff by the collector of internal revenue in the amounts of $17,285, November 28, 1930, and $18,493.24 July 7, 1931. The motion is made on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The Circuit Court of Appeals, 73 F. (2d) 298, held that the allegations in the second amended complaint disclosing that the plaintiff corporation was operated to hold property for an exempt organization did not entitle it to exemption from liability under a statute which exempted from income taxes "corporations organized for the exclusive purpose of holding title to property, collecting income therefrom and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax. * * *"

The causes of action alleged in the complaint now before the court are not based on the fact that the plaintiff was organized as a holding company exempt under this provision, but are based on the facts not alleged in the previous complaint that the plaintiff had delivered all its property, consisting of notes bearing interest (which constituted the income involved in this action) to the Museum Estates, Inc., and had agreed to receive the principal and interest on the notes for the account, use, and benefit of the Metropolitan Museum of Arts and its holding company, the Museum Estates, Inc. It is alleged that the income upon which the taxes in question were assessed was received after the agreement had been made and was delivered to the beneficiary pursuant to the agreement.

Annexed to the complaint are claims for refund filed November 28, 1930, and July 7, 1931, upon the ground that the plaintiff corporation was merely holding its property for the use and benefit of the Museum and that all its income from such property was turned over to the Museum and that no part of such income inured to the benefit of any private stockholder. It alleges that the claims for refund were rejected by the Commissioner of Internal Revenue, January 29, 1932.

Upon the hearing of the motion to dismiss the third amended complaint the plaintiff contended that the causes of action alleged therein differed from those alleged in the second amended complaint and that accordingly they were not ruled by the decision of the Circuit Court of Appeals. Upon defendant's contention that new causes of action were barred by the statute of limitations, the plaintiff urged that the causes of action in both complaints were the same, and were for money had and received, and that therefore the third amended complaint related back to the second complaint, which was served within two years after the rejection of the claims.

Both plaintiff and defendant proceeded on the theory that the law applicable to the complaints was Rev.St. § 3226, as amended June 6; 1932 (26 U.S.C.A. §§ 1672–1673), which provides that no suit or proceeding shall be begun after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates. None of the complaints alleges when, if ever, such notice of disallowance was so mailed.

This statute, however, also provides that in the case of suits or proceedings instituted on or after the date of its enactment where the part of the claim to which such suit or proceeding relates was disallowed before the date of the enactment, the statute of limitations shall be the same as provided by section 3226 before its amendment.

Section 3226, as amended Feb. 26, 1926, 44 Stat. 116, 26 U.S.C.(1925 Ed.) 156 (26 U.S.C.A. § 156), provided before amendment that no such suit or proceeding should be begun after the expiration of five years from the date of payment of such tax unless such suit or proceeding was begun within two years after the disallowance of the part of such claim to which such suit or proceeding related.

The claims attached to the third amended complaint, and relied upon by the plaintiff, were rejected January 29, 1932, that is, before the date of the amendment. The third amended complaint, however, also alleges that subsequently and on April 13, 1932, the plaintiff filed additional claims for refund on another ground, and that these were rejected August 25, 1932, that is, after the amendment of the act.

The defendant contends that the original claims for refund were thereby amended, and that the amendments held the original claims open and under consideration, and that the rejection of the original claims did not take place until the amended claims were rejected. It, however, appears on the face of the complaint that the claims filed April 13, 1932, did not purport to be amendments of the original claims but new and separate claims. Moreover, even a claim which purports to be an amendment cannot relate back to a claim which has been rejected. There is nothing to amend after rejection. Therefore an allegedly amended claim after the original claim has been rejected must be deemed to be a new claim. Sugar Land Ry. Co. v. United States, 48 F.(2d) 973 (Ct.Cl.) followed by the Circuit Court of Appeals in this circuit, Solomon v. United States, 57 F.(2d) 150. See United States v. Memphis Cotton Oil Company, 288 U.S. 62, 72, 53 S.Ct. 278, 77 L.Ed. 619.

The cases relied on by defendant, McKesson & Robbins, Inc., v. Edwards (C.C.A.) 57 F.(2d) 147; Mobile Drug Co. v. United States (D.C.) 39 F.(2d) 940; Jones v. United States (Ct.Cl.) 5 F.Supp. 146; Ervine & Co. v. United States (Ct.Cl.) 3 F.Supp. 334, which hold that if the Commissioner reconsiders a claim after rejecting a previous claim, then the original rejection is deemed to have been withdrawn and the decision held in abeyance until the second rejection is made, are distinguishable from the case under consideration in which it is alleged that there was a rejection, but not that there was a reconsideration of the rejected claim. Likewise the present case. is distinguishable from that in which it was held that when the Commissioner allows an amended claim for refund to be filed after the time to file claims has expired, he must be deemed to have reconsidered his original rejection, because unless he had reconsidered his original rejection, the amended claim could not be filed. McKesson & Robbins, Inc., v. Edwards, supra.

The so-called amended claims therefore must be held to be new claims and the original claims must be held to have been rejected January 19, 1932.

Since they were rejected before June 6, 1932, the five-year limitation which was in force before the amendment is applicable. The motion to dismiss the complaint accordingly is denied.